ALFRED G. BURNHAM et al., Suing on Behalf of Themselves and All Other Stockholders of Brooklyn-Manhattan Transit Corporation Similarly Situated, Plaintiffs, *v.* MATTHEW C. BRUSH et al., Defendants.[*]

Supreme Court, Special Term, New York County, April 18, 1945.

[*] See, also, *Johnson* v. *Western Union Telegraph Co.*, 184 Misc. 728, 733. — [REP.

*Mudge, Stern, Williams & Tucker* for Arthur H. Bunker and others, defendants.

*Scribner & Miller* and *Boehm & Zeiger* for plaintiffs.

SHIENTAG, J. There appears to be no reason for holding up the decision on this motion any longer. The motion is one brought in a derivative stockholders' action to dismiss the complaint on the ground that the plaintiffs were not stockholders at the time of the transaction of which they complain. Such a requirement was written into the amendment of section 61 of the General Corporation Law (L. 1944, ch. 667), which by its terms took effect April 9, 1944. The question presented is whether this amendment is retroactive in character. In November, 1944, in *Noel Associates* v. *Merrill* (184 Misc. 646, 650–654) this court held that the amendment to section 61 brought our law into harmony with that which has long prevailed in the Federal courts, and was definitely calculated to eliminate an existing abuse. But this court also held, in that case, that the amendment, while constitutional, should not be interpreted so as to give it a retroactive application, and that this was so even though it be deemed that the amendment to section 61 affected the remedy rather the substance of the law, and was procedural rather than substantive in character. " To hold section 61 to be retroactive would mean that pending actions might be wiped out. There is also the possibility that because of the bar of the Statute of Limitations, no other stockholder owning shares held by him at the time of the commission of the wrongful acts complained of, would be in a position to come forward and sue for redress for wrongs done to his corporation " (*supra,* p. 654).

Recently the Court of Appeals had before it for consideration the question as to whether section 61-b of the General Corporation Law, also enacted in 1944 (ch. 668), was applicable to a suit pending at the time of the enactment of the statute. (*Shielcrawt* v. *Moffett* (294 N. Y. 180). That section required plaintiffs in stockholders' suits who held less than 5% of outstanding stock (unless the securities they held had a market value in excess of $50,000) to furnish security for the expense of defending the action. The court on April 12, 1945, handed down its decision holding that section 61-b was not to be interpreted

as retroactive in character. Quoting from *Hastings* v. *Byllesby & Co.* (*Granbery*) (293 N. Y. 413, 419) the court said (p. 189): " ' the courts will not give retrospective operation to a statute which interferes with antecedent rights in the absence of an unequivocal expression in the statute that the Legislature intended that the statute should have such effect.' "

If section 61-b is not to be deemed retroactive in character, then clearly section 61 which we are now considering should not be so held. The motion to dismiss the complaint is accordingly denied. Settle order.