Lucille White et al., Suing on Their Own Behalf and on Behalf of All Other Preferred Stockholders of Queens Borough Gas & Electric Company Similarly Situated, Plaintiffs, v. Ellis L. Phillips et al., Defendants.

Supreme Court, Special Term, New York County, July 10, 1945.

*Lazansky, Callaghan, Stout & Nova* for Ellis L. Phillips and another, defendants.

*Charles G. Blakeslee* for Long Island Lighting Company and others, defendants.

*Underhill & Foster* for Queens Borough Gas & Electric Company, defendant.

*Philip Huntington* for Nassau & Suffolk Lighting Company, defendant.

*Charles G. Blakeslee, David Holman, John C. Bruckmann* and *Charles E. Elbert* for Long Beach Gas Company, Inc., defendant.

*Louis Boehm* and *Bernard D. Fischman* for plaintiffs.

SCHREIBER, J. The complaint in this derivative stockholders' suit is challenged on this motion as insufficient on the ground, among others, of noncompliance with section 61 of the General Corporation Law in that plaintiffs, at the time of the original wrong complained of, were not stockholders, which is the fact.

Plaintiffs first contend, however, that the alleged wrong (assumption and payment by the corporation of an indebtedness for which it was not obligated) is a continuing wrong to the present in that defendants thereafter failed to take steps to collect the amounts thus claimed to have been illegally paid. But failure to attempt to recoup an improper payment, without more, is indistinguishable from the original wrong in making the payment and is the same and not a recurring and ever fresh wrong (cf. *Hayman* v. *Morris*, 46 N. Y. S. 2d 482; *Corsicana Nat'l Bank* v. *Johnson*, 251 U. S. 68, 86; 39 Col. L. Rev. 853).

It is next argued by plaintiffs that, as this requirement of the section has been held inapplicable to pending actions (*Noel Associates* v. *Merrill*, 184 Misc. 646; *Burnham* v. *Brush*, 184 Misc. 815), it is likewise inapplicable to antecedent rights involved in causes of action which accrued prior to the effective date of the amendment (L. 1944, ch. 667, eff. April 9, 1944), as at bar. However, the amendment is essentially procedural, ordinarily given retrospective effect in the absence of a contrary legislative expressed intention (*Laird* v. *Carton*, 196 N. Y. 169). In exceptional situations not always distinct, the procedural change, in some aspects if not others, may become substantive in effect and a converse rule applied (cf. *Shielcrawt* v. *Moffett*, 294 N. Y. 180). Nice distinctions are necessary on the basis of good sense and justice (*Matter of Berkowitz* v. *Arbib & Houlberg*, 230 N. Y. 261). None of the considerations are here present that have led the courts to hold that this and a related amendment, although procedural, are not to be given retrospective effect. It is only as to pending actions that retro-

active application may well be unjust and unreasonable after plaintiffs " had spent time and money in preparing  *  *  * for trial " (*Sheilcrawt* v. *Moffett*, 294 N. Y. 180, 189, 190, *supra*).

Thus, even if plaintiffs had been stockholders prior to April 9, 1944, the effective date of the amendment to the statute, and even though an accrued cause of action prior thereto be an antecedent right (*Hastings* v. *Byllesby & Co.* [*Granberry*], 293 N. Y. 413, 419), as to them the statute is held purely procedural, retroactive and applicable. In fact these plaintiffs purchased their stock between June, 1944, and February, 1945, after the effective date of the act. To hold, on the theory advanced, that the amendment does not apply to subsequent purchasers of stock on the open market, would largely nullify the statute and reopen evils and abuses in stockholders' derivative suits thus thought to be allayed.

The question of constitutionality is no longer open in this court. In view of the conclusion reached it becomes unnecessary to consider the other points urged in support of the motion to dismiss, viz., Statute of Limitations and *res judicata.*

The motion is granted and the complaint is dismissed. Judgment may be entered accordingly. Order signed.