## FULLER et al. v. AMERICAN MACHINE & FOUNDRY CO. et al.

United States District Court
S. D. New York.

Feb. 15, 1951.

---

Nathan B. Kogan, New York City, for plaintiffs.

Cahill, Gordon, Zachry & Reindel, New York City, for defendant International Cigar Machinery Co. By Mathias F. Correa, New York City.

McGOHEY, District Judge.

This is a stockholders' derivative action in which jurisdiction is based on diversity of citizenship. Plaintiffs are stockholders of International. They allege that American, as majority stockholder of International, has exercised its control of International to the latter's detriment. Upon motion by International and pursuant to Section 61–b of the New York General Corporation Law, McK. Consol. Laws, c.

23, Judge Irving R. Kaufman ordered plaintiffs to furnish $3,500 security for International's reasonable expenses, including attorneys' fees. The order further provided that plaintiffs might within thirty days move to vacate upon a showing that holders of 5% in number or $50,000 in market value of International's stock have joined with plaintiffs in the action.

Plaintiffs now move to vacate that order and to amend the title and caption of this action so as to add as parties plaintiff certain stockholders whose holdings are said to be far in excess of $50,000. The motion is opposed on the ground of failure to comply with Rules 23(b) and 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. and upon the further ground that the consents of the additional stockholders to be joined in the action were improperly obtained.

Rule 23(b) provides: "In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath and shall aver (1) that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law and (2) that the action is not a collusive one to confer on a court of the United States jurisdiction of any action of which it would not otherwise have jurisdiction. The complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."

 Defendant argues that the requirements of Rule 23(b) must be fulfilled and that they cannot be fulfilled by the additional stockholders if they are simply added to the present complaint as parties plaintiff. This position is untenable so far as an allegation of stock ownership at the time of the transaction complained of is required. Since this is a case of diversity jurisdiction this court is required by Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, to apply the security requirements embodied in Section 61–b of the New York General Corporation Law. In New York it has been held that for the purposes of Section 61–b additional stockholders need not have owned their shares at the time of the alleged wrong, even though Section 61 of the General Corporation Law contains such a requirement.[1] Consequently, there is no need here for compliance with the "time of ownership" provision of Rule 23(b).[2]

Piccard v. Sperry Corporation, D.C.S.D. N.Y., 36 F.Supp. 1006 and Winkelman v. General Motors Corporation, D.C.S.D.N.Y., 44 F.Supp. 960 do not require a different conclusion. Those cases dealt with the "time of ownership" provision before enactment of both Section 61–b and the portion of Section 61 quoted in the margin and were decided before Cohen v. Beneficial Industrial Loan Corp., supra, and Noel Associates v. Merrill, supra.

 Defendant contends that plaintiffs' proposal to add additional plaintiffs to the caption is not correct procedure. It asserts that the additional plaintiffs should move to intervene under Rule 24 which requires that the notice of motion "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." I do not agree that Rule 24

1. Noel Associates v. Merrill, 184 Misc. 646, 53 N.Y.S.2d 143, 147. Section 61 provides in part: "In any action brought by a shareholder in the right of a foreign or domestic corporation it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains or that his stock thereafter devolved upon him by operation of law." It is not a coincidence that this provision is almost identical with the parallel provision of Rule 23(b). On approving it New York's Governor said: "This incorporates into the state law the rule that has long obtained in the federal courts."

2. See Guaranty Trust Co. v. York, 326 U.S. 99, 108–112, 65 S.Ct. 1464, 89 L. Ed. 2079.

provides the only procedure. It seems to me that the court has power to permit the addition of these new plaintiffs under Rule 21 which provides in part: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." However, simply to add parties plaintiff to the caption would raise certain difficulties. Paragraph 4 of the amended complaint alleges "Plaintiffs are residents and citizens of the State of Vermont" and paragraph 7 alleges "Plaintiffs are shareholders of the defendant International as join [sic] tenants with right of survivorship and not as tenants in common and have been shareholders of record of International since July 12, 1943, and were shareholders of International at the time of all the transactions of which they complain herein." I think it may safely be said that these allegations are not accurate as to all the additional plaintiffs. It would therefore be improper to allow such allegations, verified only by plaintiff George E. Fuller, to stand for the additional plaintiffs.

It appears to me that such an anomalous circumstance can best be avoided by permitting the plaintiffs Fuller and the additional plaintiffs to file an amended complaint setting forth the facts applicable to each and complying with the provisions of Rule 23(b) except insofar as the additional plaintiffs are exempted from the provision relating to the allegation of "time of ownership." The amended complaint may be filed within twenty days from the date of entry of an order herein. The motion to vacate the order granting security is denied without prejudice to renewal within said twenty-day period upon the basis of the amended complaint.

One further matter requires attention. In order to secure participation of additional stockholders plaintiff George E. Fuller sent a letter of solicitation which contains seriously misleading representations based upon out-of-context references to Judge Kaufman's opinion [3] on the defendant's motion for security.

The letter states: "As United States District Court Judge Irving R. Kaufman stated in his decision in my action (Civ. No. 49–324, Opinion No. 18,801, dated June 13, 1950 [91 F.Supp. 710, 712] ): 'In the opinion of this Court, International can only benefit from this suit.'" (Emphasis supplied by Fuller.) It is clear from the context of the opinion that Judge Kaufman made this statement only in relation to the amount of security. He did not, of course, purport to rule on the merits of the action, as this portion of the letter represents him to do.

The letter further states: "Pursuant to permission in Judge Kaufman's decision, I am writing to ask you to join us as parties-plaintiff in order to strengthen the action against American to benefit International, and to relieve us of the additional burden of posting a substantial bond in order to continue the action.

"* * *.

"Pursuant to the ruling of Judge Kaufman, it will be necessary for my attorney to know your answer on or before July 19, 1950, so that he can make the proper applications to the District Court."

The letter, while mentioning a "substantial bond" nowhere states that it was in the modest amount of $3,500; and the above excerpts convey and were obviously intended to convey the erroneous impression that Judge Kaufman had ruled that additional stockholders might participate only by authorizing plaintiffs' counsel to represent them. While these misrepresentations do not in my opinion require invalidation of the authorizations thus obtained, they do merit and hereby receive this court's strong disapproval.

Settle order in accordance with this opinion.

3. D.C.S.D.N.Y., 91 F.Supp. 710.