Stanley L. KAUFMAN, Plaintiff,

v.

Louis E. WOLFSON, J. A. B. Broadwater, E. B. Gerbert, David A. Goodkind, Robert E. Harvey, Alexander Rittmaster, Cecil Wolfson, Samuel Wolfson, H. W. Pierce, Robert C. Baker, Robert L. Purcell, Doran S. Weinstein, New York Shipbuilding Corporation and Devoe & Raynolds Company, Inc., Defendants.

United States District Court
S. D. New York.

Dec. 16, 1955.

See also, 132 F.Supp. 733.

Kaufman, Imberman & Taylor, New York City, for plaintiff, Jacob Imberman, New York City, of counsel.

Manning, Hollinger & Shea, New York City, for individual defendants, Louis E. Wolfson, et al., Edwin A. Lewis, New York City, of counsel.

Lawler & Rockwood, New York City, for defendants New York Shipbuilding Corp. and Devoe & Raynolds Co., Inc.,

DIMOCK, District Judge.

This is a motion by plaintiff to vacate a stay of a stockholder's derivative action brought in this court under the diversity jurisdiction. The action was stayed until plaintiff should furnish security in the amount of $50,000 pursuant to section 61-b of the New York General Corporation Law, Consol.Laws, c. 23. That section requires in substance that a plaintiff in a stockholder's derivative action shall give security for defendant's expenses unless he owns at least 5% of the outstanding stock or

stock having a market value in excess of $50,000. Plaintiff bases his plea for the vacating of the stay on an allegation that he has been joined by other named stockholders with the result that they together hold 3,058 shares of stock of defendant New York Shipbuilding Company, which have a value in excess of $50,000. He asks that they be allowed to intervene as parties plaintiff and that, upon their intervention and joinder, all plaintiffs be permitted to serve an amended supplemental complaint a copy of which is attached to the moving affidavit.

Defendants oppose the motion on the ground, among others, that plaintiff does not allege that the proposed new plaintiffs meet the requirement of Rule 23(b) F.R.C.P., 28 U.S.C., that the "plaintiff was a shareholder at the time of the transaction of which he complains". If defendants are correct in their position that Rule 23(b) requires that all of the stockholders whose stock is necessary to make up the requisite $50,000 market value must have owned their shares at the time of the transaction complained of, the motion must be denied.

At a time when the New York law permitted suit by stockholders who had acquired their shares after the transaction complained of, it was held in this court that Rule 23(b) applied even though the case was governed by New York law. Accordingly the requirement of ownership contemporaneous with the transaction complained of was enforced. Piccard v. Sperry Corp., D.C.S.D.N.Y., 36 F.Supp. 1006, affirmed without opinion, 2 Cir., 120 F.2d 328; Winkelman v. General Motors Corp., D.C.S.D.N.Y., 44 F. Supp., 960, and Lissauer v. Bertles, D.C. S.D.N.Y., 37 F.Supp. 881.

Those cases have been supported by a later dictum by Mr. Justice Jackson in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. In that case it was held that provisions of New Jersey law similar to section 61–b of the New York General Corporation Law requiring the giving of security in stockholders' derivative actions were applicable in an action brought in the United States District Court for the District of New Jersey under the diversity jurisdiction. The ground for the decision was that such provisions were not merely procedural. Against this position it had been urged, 337 U.S. at page 556, 69 S.Ct. at page 1230, "that Federal Rule of Civil Procedure No. 23 deals with plaintiff's right to maintain such an action in federal court and that therefore the subject is recognized as procedural and the federal rule alone prevails." Mr. Justice Jackson answered as follows, 337 U.S. at page 556, 69 S.Ct. at page 1230:

"Rule 23 requires the stockholder's complaint to be verified by oath and to show that the plaintiff was a stockholder at the time of the transaction of which he complains or that his share thereafter devolved upon him by operation of law. In other words, the federal court will not permit itself to be used to litigate a purchased grievance or become a party to speculation in wrongs done to corporations. * * * These provisions neither create nor exempt from liabilities * * *. None conflict with the statute in question and all may be observed by a federal court, even if not applicable in state court."

It is true that Mr. Justice Jackson had before him the New Jersey statute which contained a "time of ownership" provision N.J.S.A.14:3–16, substantially similar to that in Rule 23(b) F.R.C.P. but he was clearly of opinion that its provisions should be applied in federal court "even if not applicable in state court".

◼ The "time of ownership" provision of Rule 23(b) must be applied in federal court, therefore, even if no such provision is part of the state law which is being enforced.

Since the decision of Piccard v. Sperry Corp., Winkelman v. General Motors Corp., and Lissauer v. Bertles, the above cited federal cases dealing with New York law, the New York statutes have been amended by the addition of the pro-

visions of section 61-b of the General Corporation Law above referred to. They have been interpreted by a New York court in Noel Associates v. Merrill, 184 Misc. 646, 655, 53 N.Y.S.2d 143, to permit, in effect, a suit, without security, by one plaintiff who held his stock contemporaneously with the transaction complained of plus a group of other plaintiffs who acquired their stock thereafter, where the aggregate market value of the shares exceeded $50,000.

Fuller v. American Machine & Foundry Co., D.C.S.D.N.Y., 95 F.Supp. 764, holds that the rule of the Noel case must be applied in federal court. I regret that, for the reasons hereinafter stated, I cannot agree.·

In the Cohen case Mr. Justice Jackson said in effect that, despite substantive state law that the claim could be maintained by plaintiffs who purchased their stock subsequent to the alleged ·injury, Rule 23(b) F.R.C.P. had the effect of prohibiting the maintenance of the claim in the federal court except by plaintiffs whose ownership of their stock was contemporaneous with the alleged injury.

■ In the instant case plaintiffs rely on the substantive state law that the claim can be maintained by plaintiffs who own in the aggregate $50,000 worth of stock and all but one of whom purchased their stock subsequent to the alleged injury. If, as was said in the Cohen opinion, Rule 23(b) prevents suit in the federal court by a group of subsequent purchasers all by themselves· even though the state law would have permitted it, I can perceive no reason why Rule 23(b) should not prevent suit in the federal court by a group of subsequent purchasers and one contemporaneous owner even though the state law would have permitted it.

If the question of adding' plaintiffs to make up a requisite aggregate value of stock held by plaintiffs had never come up, no one would have had the temerity to argue that Rule 23(b) F.R.C.P. permitted the joinder of plaintiffs who did not own stock at the time of the alleged injury. The mere fact that the New York courts construe the New York statutes as permitting such joinder for the purpose of making up the requisite $50,000 worth, has no tendency to alter the construction of Rule 23(b).

Plaintiff's motion is denied without prejudice to renewal upon a showing of compliance with the "time of ownership" provision of Rule 23(b) F.R.C.P. and the provisions of section 61–b of the New York General Corporation Law as to the alternatives to furnishing security. Such action must be taken within 20 days of the date of the publication of a note of this opinion in the New York Law Journal. For that period the stay restraining plaintiff from initiating any proceedings in this action, heretofore granted, is continued on the existing terms.