Edgar J. Nathan, Jr., J.
This is a stockholders’ derivative action. Defendants move pursuant to rule 106 of the Rules of Civil Practice, to dismiss the complaint for failure to state a cause of action. They also move on affidavits (Rules Civ. Prac., rule 107) for a dismissal of each of the two causes of action set forth in the complaint asserting, in one instance, that suit is premature and, in the other, that plaintiffs acquired their stock too late.
Plaintiffs allege that they became owners of stock in defendant corporation in March, 1954. Prior thereto and up to the present it is alleged that the defendant president, who is also chairman of the board, directly and indirectly through his immediate family owns 51% of the common stock and controls the defendant directors.
The first cause of action seeks to restrain the execution of an agreement made on June 9,1955, whereby defendant corporation granted to its president an option to buy up to 25,000 shares of its stock at $54 per share during a period of five years. It is alleged that this option was “a gift”, “ without consideration ’ ’, and that the agreed price of the stock ‘ ‘ was inadequate and far less than could have been obtained for the stock at the time when the option was granted if the true condition of the corporation had not been concealed by the individual defendants Defendants, it is claimed, issued statements and reports to the shareholders and the public and concealed from them information concerning the value of the corporation’s assets and its potential earnings which would have increased the market price of the stock. It is also claimed that the option price is less than the market price ‘ ‘ during the period since the option was granted,” the market price reaching $106 in the month before the complaint was verified. Accordingly, the claim is, defendants are wrongfully depriving the corporation of an opportunity to sell the same stock at a higher price.
The practice by which a corporation grants incentive compensation in the form of an option to buy its own stock is a common one. Concededly, such agreements are not, merely as such, voidable at the suit of a stockholder (see, e.g., Abrams v. Allen, 36 N. Y. S. 2d 170, 174, affd. 266 App. Div. 835; Diamond v. Davis, 38 N. Y. S. 2d 103, affd. 265 App. Div. 919, affd. 292 N. Y. 554; Leech v. Fuller, 173 Misc. 543, affd. 259 App. Div. 816). Neither are such agreements exempt from judicial scrutiny at the suit of a stockholder (see Selman v. Allen, 121 N. Y. S. 2d 142; Scheinman v. National Container Corp., 165 Misc. 267, 272; 34 A. L. R. 2d 852). As the Supreme Court of the United States said with respect to breach of the fiduciary *955 duty of a director and controlling stockholder: ‘ * The essence of the test is whether or not under all the circumstances the transaction carries the earmarks of an arm’s length bargain. If it does not, equity will set it aside.” (Pepper v. Litton, 308 U. S. 295, 306-307.)
The court is of the opinion that sufficient facts have been alleged to require an answer by the defendants. Defendants contend that the complaint alleges no more than a disagreement with the defendants on a matter of business judgment. Of course, in such matters the court does not attempt to substitute its own judgment for that of the directors (Rous v. Carlisle, 261 App. Div. 432, 435, affd. 290 N. Y. 869). Nevertheless, the complaint alleges that the controlled directors have given to their controlling stockholder, something of substantial value to the corporation in return for no consideration. On a motion such as this the allegations of the complaint are taken as true. As was said in Walsh v. Van Ameringen-Haebler Inc. (257 N. Y. 478, 480): “ The allegation that the directors voted themselves excessive salaries is sufficient to call upon the defendants to answer the complaint, even if the other allegations be disregarded as indefinite.” (See, also, Sage v. Culver, 147 N. Y. 241, 247.)
That the defendants’ action has not yet been ratified by the stockholders, of whom defendants constitute a majority, does not make this action premature (see Kavanaugh v. Kavanaugh Knitting Co., 226 N. Y. 185, 195-196).
The second cause of action is based on a similar option granted to the president of the corporation under similar conditions before plaintiffs became stockholders. The complaint alleges that the option was exercised, at a price then well below market, while plaintiffs owned their stock. Again, as with respect to the first cause of action, the court is of the opinion that a cause of action is sufficiently alleged. It is alleged that the sale was made in breach of individual defendants’ fiduciary obligation pursuant to a voidable contract, and an accounting is demanded.
Defendants assert that the acts complained of occurred before plaintiffs acquired their stock and that, by statute, plaintiffs are without capacity to sue (General Corporation Law, § 61). On the papers submitted it appears prima facie that plaintiffs acquired equitable ownership of shares in the company in March of 1954, before the transfer. Plaintiffs may be able to show that the transfer was wrongful as to them after they acquired their shares within the meaning of Austin v. Gardiner (188 Misc. 538, 539; see, also, Lissauer v. Bertles, 37 F. Supp. *956 881). On the other hand, it may appear that plaintiffs acquired their stock too late to avoid the bar of section 61 which was amended to do away with an evil in connection with stockholders’ derivative actions, as referred to in Myer v. Myer (271 App. Div. 465, 473, affd. 296 N. Y. 979; see Truncale v. Universal Pictures Co., 76 F. Supp. 465, 469).
Although it may appear hereafter that this action is one of those cases so often brought without real basis, that cannot be determined on this motion. Sufficient appears upon the face of the complaint to require a denial of the motions to dismiss the complaint.
The motions are accordingly denied.