**Louis ELKINS, Plaintiff,**

v.

**Mead L. BRICKER et al., Defendants.**

United States District Court
S. D. New York.

Dec. 27, 1956.

Milton Paulson, New York City, for plaintiff and proposed intervenors.

Cravath, Swaine & Moore, New York City, Edward Q. Carr, Jr., New York City, of counsel, for defendant Hupp Corp.

Olwine, Connelly & Chase, New York City, and Pomerantz, Levy & Haudek, New York City, John Logan O'Donnell, Leo P. Arnaboldi, Jr., New York City, of counsel, for defendants John O. Ekblom and John O. Ekblom & Co., Inc.

BRYAN, District Judge.

This is a stockholders derivative action brought in this Court under its diversity jurisdiction. Defendant Hupp Corporation, the nominal corporate defendant, moves to require plaintiff to give security for defendants' expenses

and counsel fees in the action, pursuant to Section 61-b of the New York General Corporation Law, McK.Consol.Laws, c. 23. Various shareholders of defendant Hupp Corporation cross-move for leave to intervene in the action and to join with the present plaintiff as additional parties plaintiff.

Section 61-b provides in substance that a plaintiff in a stockholders derivative action may be required to give security for the reasonable expenses, including attorneys' fees which may be incurred by the corporate defendant and by the other parties defendant in connection with the action, unless such plaintiff is the holder of at least 5% of the outstanding stock of the corporation, or of stock having a market value in excess of $50,000.

Plaintiff concedes that he himself does not own sufficient stock of the Hupp Corporation to avoid the necessity of giving the security required by Section 61-b. He claims, however, that, since shareholders owning stock of a market value in excess of $50,000 are entitled to intervene and seek to do so here by cross-motion, he is relieved of the necessity of furnishing such security.

Defendants concede that if the proposed intervenors are qualified to intervene and are permitted to do so, the requirements of Section 61-b will be met and they are not entitled to security. However, defendants assert that these proposed intervenors are not entitled to intervene since they do not fulfil the requirements of Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. That rule requires that a plaintiff in a stockholders derivative action must aver in his verified complaint that he "was a shareholder at the time of the transaction of which he complains". The proposed amended complaint of these proposed intervenors contains no such allegation. Therefore if this requirement of Rule 23(b) is applicable to these intervenors, they are not entitled to intervene upon these papers, but only upon an amended complaint which makes the required allegation.

■ The intervenors argue that the "time of ownership" averment is not required where stockholders seek to intervene as plaintiffs for the purpose of complying with the requirements of Section 61-b of the New York General Corporation Law. They point out that no such averment would have been required if this action had been brought in the New York courts, Noel Associates v. Nerrill, 184 Misc. 646, 53 N.Y.S.2d 143, and therefore should not be required in this Court. But this action is being litigated in the Federal Court where the Federal Rules of Procedure apply to all actions whether or not similar provisions would apply in an action in the State Court. Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 556, 69 S.Ct. 1221, 93 L.Ed. 1528.

■ Proposed intervenors cite Fuller v. American Machine & Foundry Co., D.C.S.D.N.Y., 95 F.Supp. 764, as authority for their contention that the "time of ownership" requirement of Rule 23 (b) of the Federal Rules of Civil Procedure does not apply to stockholders intervening for the purpose of complying with Section 61-b of the New York General Corporation Law and thus avoiding the security requirements of that section. It is true that the Fuller case so held. However, the subsequent case of Kaufman v. Wolfson, D.C.S.D.N.Y., 136 F.Supp. 939, declined to follow the Fuller case and reached the opposite conclusion, holding that the "time of ownership" requirement of Rule 23(b) must be met by an intervenor in these circumstances. I agree with Kaufman v. Wolfson, and I also decline to follow the Fuller decision. As was stated in the Kaufman case, 136 F.Supp. at page 941:

"* * * If, as was said in the Cohen opinion [337 U.S. 541, 69 S. Ct. 1221, 93 L.Ed. 1528, supra], Rule 23(b) prevents suit in the federal court by a group of subsequent purchasers all by themselves even though the state law would have permitted it, I can perceive no reason why Rule 23(b) should not prevent suit in the federal court by a group

of subsequent purchasers and one contemporaneous owner even though the state law would have permitted it.

"If the question of adding plaintiffs to make up a requisite aggregate value of stock held by plaintiffs had never come up, no one would have had the temerity to argue that Rule 23(b), F.R.C.P. permitted the joinder of plaintiffs who did not own stock at the time of the alleged injury. The mere fact that the New York courts construe the New York statutes as permitting such joinder for the purpose of making up the requisite $50,000 worth, has no tendency to alter the construction of Rule 23(b)."

I am fully in accord with the reasoning and the conclusion in the Wolfson case. I therefore hold that these proposed intervenors cannot intervene except upon a verified complaint which contains an allegation that they were stockholders at the time of the transactions of which they complained, as required by Rule 23(b).

Both parties have attempted to pinpoint the dates on which the various transactions which are alleged in the complaint occurred so that I may determine upon which, if any, of the transactions complained of, the proposed intervenors may be able to satisfy the "time of ownership" requirements of Rule 23 (b). It appears from the affidavits before me that there is some question as to whether the proposed intervenors were not in fact shareholders at the time of at least some of the transactions alleged. The precise times when such transactions occurred, the times when the proposed intervenors acquired their stock, and how much was acquired by them at various times do not emerge with any clarity from these papers. But even if they did this would not alter the decision on this motion in view of the specific requirement that the "time of ownership" allegations be made in a verified complaint and the fact that no such allegations have been made here. Unless such allegations are included in a verified proposed amended complaint on which these parties seek to intervene, they are not entitled to intervene on any of the causes of action pleaded. The facts before me indicating that the proposed intervenors may be able to qualify with respect to some of the transactions alleged bear only on the terms on which the present motion should be denied.

The motion for leave to intervene is therefore denied without prejudice to renewal within thirty days from the entry of the order on these motions upon a verified amended complaint containing sufficient allegations to show that proposed intervenors were shareholders at the time of the transactions of which they complain, and containing additional allegations specifically showing that the proposed intervenors were holders of sufficient shares to satisfy the statutory requirements at the time of each transaction of which they complain.

Since the present plaintiff concededly is not the owner of sufficient stock to exempt him from the requirements of Section 61–b of the New York General Corporation Law, and since the motion of the proposed intervenors to join as parties plaintiff is denied, the defendants are entitled to security under Section 61–b. The motion of the defendants for security is granted and plaintiff is directed to give security to the defendants for their reasonable expenses and counsel fees within thirty days from the entry of an order on this decision.

The sum of $50,000 seems a reasonable and not excessive amount of security to be furnished by the plaintiff and the security is fixed in that sum without prejudice to a later application to increase or decrease the amount of such security as circumstances may dictate.

All further proceedings in this action on the part of the plaintiff will be stayed pending the deposit of the required security or the joinder in this action as parties plaintiff of stockholders owning stock of a value in excess of $50,000 who

fulfil the "time of ownership" requirement of Rule 23(b), F.R.C.P.

Pending the entry of the order on these motions the stay contained in the order to show cause is continued on the existing terms.

The time of defendants to answer the complaint is extended until twenty days after the furnishing of the security as directed, or twenty days after the service of an amended complaint of intervening shareholders fulfilling the requirements as to the amount and time of stock ownership, whichever event may first occur.

Settle order on notice.