**Hugo BAUER, on behalf of himself and all other stockholders of Servel, Inc., Plaintiff,**

v.

**SERVEL, Inc., Isaac M. Laddon, J. Patrick Lannon, Hunter S. Marston, Duncan S. Menzies, H. Irving Pratt, Willard F. Rockwell, Jr., Louis Ruthenburg, A. Lightfoot Walker, Robert E. Walker and John Wall, Defendants.**

United States District Court
S. D. New York.
April 29, 1958.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff and applicants for intervention, Benedict Wolf, New York City, of counsel.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for defendant Servel, Inc., Alfred H. Phillips and James B. May, New York City, of counsel.

PALMIERI, District Judge.

This is a stockholder's derivative action seeking damages, an accounting, injunctive and other relief. The suit stems from employment and stock option contracts between the corporate defendant and certain of its officers.

Two persons who presently own stock in the defendant corporation have filed motions for leave to intervene in the pending suit. The proposed amended complaint, which the putative intervenors seek to file, alleges that one of them has owned defendant corporation's stock since September 5, 1957, and the other since September 16, 1957. The complaint alleges three causes of action. The first concerns an employment contract entered into between the corporate defendant and its President on September 15, 1954. The only allegations of transactions after the dates on which the putative intervenors acquired their stock are: (1) entries on the books and records of the defendant corporation, pursuant to the agreement, in October, 1957; (2) a plan to recognize additional obligations under the contract, and the continued recognition of the contract;

and (3) a failure to take measures to cancel or revoke the agreement.

The second cause of action alleges employment agreements entered into between the corporate defendant and certain of its officers, between September 15, 1954 and May 16, 1955. The transactions alleged to have occurred after September, 1957 are: (1) entries made on the books and records of the defendant corporation, pursuant to these agreements, in October, 1957; (2) the continuing recognition of the agreements and authorization of entries pursuant to these agreements; (3) the failure to seek the cancellation or revocation of the agreements; and (4) the authorization and approval of payments under the agreements.

Count three alleges a stock option granted to the Executive Vice-President of the defendant corporation on March 1, 1957, and the modification, on that date, of a previously granted option. No transactions after September, 1957, are alleged in connection with these options. Count three also alleges a stock option granted to defendant corporation's Secretary-Treasurer on December 27, 1957.

██ Fed.R.Civ.P. 23(b) (1), 28 U. S.C.A., requires the plaintiff in a suit such as this to allege that he "was a shareholder at the time of the transaction of which he complains." There is a split of authority, in this District, on the question of whether this requirement must be met in suits brought here under diversity jurisdiction, and in which New York law applies. Two cases hold that it does. Kaufman v. Wolfson, D.C.S.D.N.Y.1955, 136 F.Supp. 939; Elkins v. Bricker, D.C.S.D.N.Y.1956, 147 F.Supp. 609. The proposed intervenors cite Fuller v. American Machine & Foundry Co., D.C.S.D.N.Y.1951, 95 F.Supp. 764, in which the opposite conclusion was reached. The holding in Fuller was based on an interpretation of N.Y.General Corporation Law §§ 61 and 61–b, McKinney's Consol.Laws, c. 23, by a New York court in Noel Associates, Inc., v. Merrill, 1944, 184 Misc. 646, 53 N.Y.S.2d 143. In

1944, § 61. had been amended to require that a plaintiff in a derivative stockholder's suit be one who was "a stockholder at the time of the transaction of which he complains." Section 61–b, requiring the posting of security, unless the plaintiff owned a certain amount of stock in the defendant corporation, had also been enacted in 1944. The Noel case involved a suit commenced before the amendment of § 61 or the passage of § 61–b. The Supreme Court was, at that time, bound by a decision of the Appellate Division which had held that § 61–b was retroactive in application and that, therefore, security could be required in a pending suit.[1] The Noel decision held that the amendment of § 61 was not retroactive and that, therefore, shareholders who did not own stock at the time of the transaction, could intervene in a suit brought before the amendment. The decision also held that § 61–b did not require that the stock used to overcome the requirement for security be stock which was owned at the time of the transaction assailed. The Noel decision, therefore, does not apply here. This suit was commenced after the passage of § 61 and, therefore, its requirement of contemporaneous stock ownership applies. The further holding, under the peculiar facts present in Noel, that stock purchased after the transaction assailed could be counted for the purposes of § 61–b, is not presently before me. As was recognized in the Noel case, the problems. of which stockholders may bring derivative actions, and whether security must be posted, are "separate and distinct." 184 Misc. 646, 656, 53 N.Y.S.2d 143, 152. The question presented by the instant motion is only whether the putative intervenors have standing to sue. Fed.R.Civ.P. 23(b) (1) and N.Y.General Corporation Law, § 61

are exactly alike in requiring stock ownership as of the time of the transaction assailed. Indeed, the New York law was taken verbatim from the Federal Rule. Noel Associates, Inc., v. Merrill, supra, 184 Misc. at page 656, 53 N.Y.S.2d at page 152. Their purpose is to limit what may be categorized as champerty and maintenance. Accordingly, the large and difficult question of whether Fed. R.Civ.P. 23(b) (1) may operate to close the doors of the Federal courts to a plaintiff who would be free to sue in the State courts, is not before me, see 3 Moore, Federal Practice, par. 23.15 [2] (2d ed. 1948); and I hold that Fed.R. Civ.P. 23(b) (1) and N.Y.General Corporation Law, § 61 apply in this case.

The complaint alleges that the putative intervenors "have been stockholders of Servel during the time of a major portion of the transactions complained of herein." This conclusory allegation fails to meet the requirement of Fed.R.Civ.P. 23(b) (1) and N.Y.General Corporation Law, § 61. Accordingly, the motion for leave to intervene is denied. This denial is without prejudice, however, to its renewal upon specific allegations of the transactions which the putative intervenors claim a right to attack. Elkins v. Bricker, D.C.S.D.N.Y. 1956, 147 F.Supp. 609; Lissauer v. Bertles, D.C.S.D.N.Y.1940, 37 F.Supp. 881. With such specific allegations made, the way will then be open to a resolution of other questions which are presently lurking insolubly in the shadows of these confused pleadings: (1) whether the transactions are continuing ones;[2] (2) whether some of the transactions set forth in the complaint, as summarized above, are actionable wrongs;[3] (3) and whether, if the present movants may intervene as to some of the transactions,

1. Shielcrawt v. Moffett, 1st Dept.1944, 268 App.Div. 352, 51 N.Y.S.2d 188. That decision was reversed, after the Noel decision, 1945, 294 N.Y. 180, 61 N.E.2d 435, 159 A.L.R. 971.

2. See 3 Moore, Federal Practice, par. 23.-18 (2d ed. 1948).

3. White v. Phillips, 1945, 185 Misc. 960, 58 N.Y.S.2d 52; Weinstein v. Behn, Sup.1946, 65 N.Y.S.2d 536, affirmed 1st Dept.1947, 272 App.Div. 1045, 75 N.Y.S. 2d 284; cf. Sorin v. Shahmoon, 3 Misc. 2d 953, 152 N.Y.S.2d 521, affirmed 1st Dept.1956, 2 A.D.2d 678, 153 N.Y.S.2d 562.

and if the requirement of N.Y.General Corporation Law, § 61–b is then met so as to avoid the necessity for security to the extent of the intervention, security may still be required before the other transactions, which the intervenors cannot attack, may be assailed.[4]

■ The defendant has moved to compel the plaintiff to ·furnish security for costs under N.Y.General Corporation Law, § 61–b and for an order staying all proceedings herein until such security is granted. This relief is clearly justified. Cohen v. Beneficial Indus. Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Fielding v. Allen, 2 Cir., 181 F.2d 163, certiorari denied sub nom. Ogden Corp. v. Fielding, 1950, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600. I also wish to note, in passing, that even if the motion for intervention had been granted, it would not be possible, on the papers submitted to me, to determine whether the plaintiffs owned sufficient stock to overcome the security requirement of N.Y.General Corporation Law, § 61–b. The Court should be advised of the manner in which the stock was acquired, the manner in which the value of the stock was computed, and the date as of which the computation was made.[5] ·These facts should not, as was done in the case of one of the putative intervenors here, be set forth in an affidavit sworn to by the attorney, but by the intervenor himself.

■ Plaintiff's request, that the posting of security be conditioned upon the right to inspect the defendant's list of shareholders, is denied. I do not pass on the Court's power to grant this relief,[6] for plaintiff has not, in any event, made any showing of facts sufficient to establish the necessity for such relief.

■ Finally, the motion of the plaintiff that his deposition, taking of which has been noticed by some of the defendants, be stayed pending the termination of the stay of this action which is hereby granted pursuant to N.Y.General Corporation Law § 61–b, is granted to the extent that his deposition is limited, at this time, to such facts as are material to the jurisdictional allegations and his standing to maintain this action. Fed.R.Civ.P. 30(b).

The order staying further proceedings in this action shall be drawn in accordance with the directions contained in this opinion and shall also provide that, if within sixty days from the date thereof, sufficient additional stockholders join as parties-plaintiff so as to meet the requirements of N.Y.General Corporation Law, § 61–b, then and in such event, the plaintiffs may move to vacate the stay. Weinstock v. Kallet, D.C.S.D.N.Y.1951, 11 F.R.D. 270; Baker v. Mac-Fadden Publications, 1950, 300 N.Y. 325, 90 N.E.2d 876. The proposed order may be accompanied by any affidavits as will be of assistance to the Court in fixing an appropriate amount for the security.

Settle order on notice.

4. Cf. Fielding v. Allen, 2 Cir., 181 F.2d 163, certiorari denied sub nom. Ogden Corp. v. Fielding, 1950, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600; Breswick & Co. v. Briggs, D.C.S.D.N.Y.1955, 136 F.Supp. 301.

5. Weinstein v. Behn, Sup.1946, 65 N.Y.S. 2d 536, affirmed 1st Dept.1947, 272 App. Div. 1045, 75 N.Y.S.2d 284.

6. Breswick & Co. v. Briggs, D.C.S.D.N.Y. 1955, 136 F.Supp. 301, and Selman v. Colborn, D.C.S.D.N.Y.1956, 143 F.Supp. 112, holding that this Court has no such power may be based on an overly broad reading of Rosen v. Alleghany Corp., D.C.S.D.N.Y.1955, 133 F.Supp. 858, 865, in which a writ of mandamus for inspection was denied as not being, on the facts of that case, in aid of the jurisdiction of the Court already acquired.