In the Matter of LOUIS BAKER et al., Appellants, against MACFADDEN PUBLICATIONS, INC., Respondent.

LOUIS BAKER et al., Suing on Behalf of Themselves and All Stockholders of Macfadden Publications, Inc., Similarly Situated, Appellants, v. JOHN H. BOORD et al., Defendants, and MACFADDEN PUBLICATIONS, INC., Respondent.

Argued January 3, 1950; decided March 2, 1950.

*Abraham Marcus* and *Israel Beckhardt* for appellants. I. The sixth certified question should be answered in the affirmative. II. The peremptory order granted by Special Term was properly granted; the Appellate Division's reversal of such order should be reversed. (Stock Corporation Law, § 10; *Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464; *Matter of Steinway*, 159 N. Y. 250.)

*Thomas H. Pinney* and *John J. Jansen* for respondent. I. Defendant's right to security under section 61-b of the General Corporation Law may not be defeated by the joinder of additional plaintiffs. (*Noel Associates* v. *Merrill*, 184 Misc. 646; *Weinstein* v. *Behn*, 68 N. Y. S. 2d 199, 272 App. Div. 1045.) II. Plaintiffs are not entitled to an examination of defendant corporation's stock books. (*Matter of Latimer* v. *Herzog Teleseme Co.*, 75 App. Div. 522; *Matter of Newman* v. *Smith*, 263 App. Div. 85, 289 N. Y. 545.)

LOUGHRAN, Ch. J. In the above-entitled action of *Baker* v. *Boord,* stockholders of Macfadden Publications, Inc., a domestic corporation, assert derivatively a cause of action on its behalf for claimed misapplication of its funds and waste of its property by past directors and officers and other defendants. Judgment for an accounting and for damages is demanded. Upon appro-

priate allegations, Macfadden Publications, Inc., has been joined as a nominal defendant. (See *Brady* v. *Meenan,* 204 App. Div. 390.) We shall refer to that defendant as the corporation.

Section 61-b of the General Corporation Law was enacted in 1944. It makes in substance the following provision: In a stockholder's derivative action, the plaintiffs — unless they represent at least 5% of the corporation's shares or an aggregate of its shares having a value in excess of $50,000 — must give security for the reasonable litigation expenses, including attorneys' fees, of all parties joined as defendants in the action. (See, too, §§ 64–68 of the same statute.) In the present case, the plaintiffs own approximately 4/1000ths of 1% of the stock of the corporation — an interest which at the commencement of this action had a market value of about $350. Hence the corporation was entitled to apply for the security authorized by section 61-b.

Upon such an application by the corporation, Special Term made an order which (1) fixed security in the sum of $40,000 and directed a bond therefor to be filed within sixty days; and (2) gave leave to the plaintiffs to move for a vacating of the order if within that time additional stockholders should join them in number sufficient to meet the requirements of section 61-b.

From that security order both the plaintiffs and the corporation appealed to the Appellate Division where the plaintiffs challenged the constitutionality of section 61-b, while the corporation made an attack upon the provision respecting the joinder of additional stockholders as parties plaintiff in the action. The corporation also appealed to the Appellate Division from an order made by Special Term in the above-entitled special proceeding of *Matter of Baker* v. *Macfadden Publications.* In that article 78 proceeding, the Special Term, upon a petition of the plaintiffs, had directed the corporation to allow them to inspect and copy its stock book and stockholders' list.

The Appellate Division (1) upheld section 61-b as a constitutional enactment; (2) modified on the law the security order by deleting the provision respecting the joinder of additional stockholders of the corporation as parties plaintiff in the action and affirmed that order as so modified; and (3) reversed on the law the order permitting the plaintiffs to inspect the corpora-

tion's stock book and stockholders' list and denied the petition for such inspection.

By permission of the Appellate Division, the plaintiffs — upon six questions certified — have appealed to us from the modification by that court of the security order. Besides, they have appealed here as of right from the order of that court denying their petition for inspection of the corporation's stock book and stockholders' list.

The first five of the six questions certified present issues in respect of the constitutionality of section 61-b which are now academic, since the validity of that section has already been finally adjudicated by us. (*Lapchak* v. *Baker,* 298 N. Y. 89. See *Cohen* v. *Beneficial Ind. Loan Corp.,* 337 U. S. 541.) The sixth question certified asks us to say whether Special Term was right in making the following provision a part of its security order: " FURTHER ORDERED that, in the event that joinder in the action is effected by the plaintiffs of stockholders holding 5% of the outstanding shares of any class of stock of said Macfadden Publications, Inc., or shares of said Macfadden Publications, Inc. having a market value in excess of $50,000, plaintiffs may make application to vacate this order ".

The Appellate Division struck out that provision for reasons clearly stated in its opinion as follows: " The time for determining the right of the corporation to security is when the action is instituted or when the motion for security is made. When the corporation's right to security is once determined and an order granted, the right is fixed and is not subject to defeasance by a change in the amount of stock that may subsequently be joined in the action. It is subject only to an increase or decrease in the amount of the security as it may subsequently prove to be inadequate or excessive in relation to the expenses of the corporation to be secured." (270 App. Div. 440, 443.)

The construction thus put upon section 61-b fails to take proper account of a long-recognized rule of practice which for present purposes may be stated in this manner: The New York Supreme Court, so long as an action is pending before it, has power, for sufficient cause, to modify or vacate an order made in the course of the action. (*Barry* v. *Mutual Life Ins. Co. of*

N. Y., 53 N. Y. 536, 539; *Ladd* v. *Stevenson,* 112 N. Y. 325, 332; *Bannon* v. *Bannon,* 270 N. Y. 484, 488–489; Civ. Prac. Act, § 192; 1 Carmody on New York Practice [2d ed], pp. 562–569, and Vol. 7, at pp. 20–21. See, too, Civ. Prac. Act, § 131.) Section 61-b was not intended to declare an exception to that general rule. Hence, in our judgment, the Appellate Division was wrong in modifying the security order made by the Special Term.

We pass now to the appeal of the plaintiffs in the special proceeding from the order denying their petition for an examination of the corporation's stock book and stockholders' list. The plaintiffs sought that relief for the express purpose of inviting other stockholders to come into the derivative action as additional plaintiffs, in the hope of avoiding thereby the necessity of posting security. In denying that relief as matter of law, the Appellate Division said: " As the order for an examination of the stock book was sought and granted only in aid of the invalid provision of the security order, it must also be vacated." (270 App. Div. 440, 443.)

This conclusion of the Appellate Division, of course, cannot here be accepted, since, as we now hold, the security order is entirely valid. The special proceeding, however, should be remitted to that court for decision of the questions of discretion that are involved therein. (See *Matter of Davids* v. *Sillcox,* 297 N. Y. 355.)

In *Matter of Baker* v. *Macfadden Publications,* the order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the matter remitted to that court for determination, as it may be advised, of the questions of discretion that are therein involved.

In *Baker* v. *Boord,* the order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the order of Special Term affirmed. The sixth question certified is answered in the affirmative. The other questions certified are not answered.

Lewis, Conway, Desmond, Dye, Fuld and Froessel, JJ.. concur.

Ordered accordingly.