**WEINSTOCK et al. v. KALLET et al.**

United States District Court,
S. D. New York.
March 2, 1951.

Abraham I. Markowitz, New York City, for plaintiffs.

Mackler Brothers, New York City (Seymour Georges Mackler, New · York City, of counsel) for defendant, 362 Riverside Drive Cooperative, Inc.

LEIBELL, District Judge.

This action was instituted by two stockholders against the defendant corporation, 362 Riverside Drive Cooperative, Inc. and its officers and directors, to recover $1,250,000 for alleged negligent, careless and imprudent management of the defendant corporation. The complaint · sets forth five causes of action, the first, second, third and fifth of which were dismissed by an order of this Court filed July 1, 1950. The fourth cause of action, alleging that the individual defendants negligently failed to obtain financing or re-financing to prepay outstanding mortgages, sets forth a secondary right in the plaintiffs as stockholders and alleges that the claim is asserted for the benefit of the corporation. It is a derivative stockholders' action. Jurisdiction is based on diversity of citizenship, between the two stockholders on the one hand and all the defendants on the other.

On September 19, 1950 the defendants moved this Court for an order requiring the plaintiffs to furnish security for costs, expenses and counsel fees, pursuant to Section 61–b of the New York General Corporation Law, McK.Consol.Laws, c. 650, which provides:—

"§ 61–b. Security for expenses.

"In any action instituted or maintained in the right of any foreign or domestic corporation by the holder or holders of less than five per centum of the outstanding shares of any class of such corporation's stock or voting trust certificates, unless the shares or voting trust certificates held by such

holder or holders have a market value in excess of fifty thousand dollars, the corporation in whose right such action is brought shall be entitled at any stage of the proceedings before final judgment to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney's fees, which may be incurred by it in connection with such action and by the other parties defendant in connection therewith for which it may become subject pursuant to section sixty-four of this chapter, to which the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action. The amount of such security may thereafter from time to time be increased or decreased in the discretion of the court having jurisdiction of such action upon showing that the security provided has or may become inadequate or is excessive. Added L.1944, c. 668; amended L.1945, c. 869, § 3, eff. April 18, 1945."

The order on the motion, signed by Judge Ryan on September 27, 1950, recited that:— "* * *the said motion having been orally consented to, to the extent of fixing security in the sum of Twenty-five Thousand ($25,000.00) Dollars, with leave to the plaintiffs to move to vacate this Order, in the event they are able to obtain sufficient additional stockholders within sixty days, * * *."

The order provided that:—"* * * if within sixty (60) days from the date hereof, sufficient additional stockholders to meet the minimum requirements of Section 61B of the General Corporation Law join as parties plaintiff herein, then and in such event the plaintiffs may move to vacate this Order."

The plaintiffs have moved the Court for an order permitting thirteen (13) additional stockholders to join as parties plaintiff in the action and for an order vacating the aforesaid order of Judge Ryan, in accordance with its terms. The notice of motion was served on the attorneys for the defendants on November 17, 1950, within sixty (60) days from the date of the order of September 27, 1950. The motion did not come on for argument until February 13, 1951.

In an affidavit in support of the motion the attorney for the plaintiffs annexes the written consents of the thirteen additional stockholders, to be joined as parties plaintiff in the action. The affidavit states that they, together with the original plaintiffs, hold 920½ shares of the common stock which represents more than 5 per cent of the outstanding shares of the common stock of the corporation. The outstanding shares total, approximately, 7,500 shares of common stock.

In opposition to the motion the attorneys for the defendants contend that the stockholders who ask leave to intervene as parties plaintiffs are citizens of the State of New York, as are the defendants, and that to permit the intervention would divest the court of jurisdiction since there then would not be diversity of citizenship between all the plaintiffs and the defendants.

The intervention of the thirteen additional stockholders, notwithstanding the fact that they are citizens of the same state as the defendants, would not divest this Court of jurisdiction, because in a stockholders' derivative action the jurisdiction of this court is founded on the diverse citizenship of the original parties to the action. The citizenship of subsequent intervening plaintiffs is immaterial. This is the rule in a representative class action and, I believe, it applies also to a stockholders' derivative action. Stewart v. Dunham, 1885, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329; Johnson v. Riverland Levee Dist., 8 Cir., 117 F.2d 711 at page 714; Boesenberg v. Chicago T. & T. Co., 7 Cir., 128 F.2d 245 at page 246; Irwin v. Missouri Valley Bridge & Iron Co., 7 Cir., 1927, 19 F.2d 300; Acken v. N. Y. Title & Mortgage Co., D.C.N.D.N.Y.1934, 9 F. Supp. 521, 536; Moore's Federal Practice, (2nd ed.) 23.13, pages 3483–3486; 24.18, pages 135–146. Under Rule 23(a) Fed. Rules Civ.Proc. 28 U.S.C.A., a stockholders' derivative action is a class action.

. The defendants also contend that, assuming the addition of parties plaintiff in

a derivative action may not ordinarily defeat jurisdiction, the original parties in such an action may not bring in others of the class to confer some other right or privilege which the original parties did not have.

 Section 61–b of the New York General Corporation Law is not a jurisdictional statute. It has no relation to the inherent power of the Court to entertain the derivative action. It is not part of the plaintiff's case, but a privilege which the defendant may assert by motion. It is similar in its purpose to other statutes which provide for security for costs. Governor's Memorandum, Laws of 1944, c. 668, April 9, 1944; Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 556, 69 S.Ct. 1221, 93 L.Ed. 1528. An analogous situation sometimes arises under the requirement of Rule 23(b) of the Federal Rules of Civil Procedure, which is not jurisdictional. American Creosote Works v. Powell, 5 Cir., 298 F. 417; Moore's Federal Practice, (2d ed.) 23.23, pp. 3546–3547; Truncale v. Universal Pictures Co., D. C., 76 F.Supp. 465.

If the original plaintiffs are not able to meet the conditions of Section 61–b, as to percentage of stock owned, the Court may permit additional stockholders to intervene, who together with the plaintiffs will meet the percentage requirements of Section 61–b as to stock ownership. An order under Section 61–b directing that a bond be given, may be vacated or modified by the Court for sufficient cause. Baker v. McFadden Publications, 1950, 300 N.Y. 325, 90 N.E.2d 876.

The motion to vacate the order of Judge Ryan, dated September 27, 1950 is granted on the grounds that a bond is no longer required, since all the plaintiffs will now represent in excess of 5% of defendant corporation's stock and the application for leave to intervene has been timely made. The additional plaintiffs were solicited by letter on October 25, 1950, one month after the filing of the order for security, and gave their consents within the sixty day period. The application for leave to intervene was made by a notice of motion dated November 17, 1950, within the sixty day period and the consents of the stockholders were annexed thereto.

The motion to permit the thirteen additional stockholders to intervene as plaintiffs is likewise granted. It will not unduly delay or prejudice the action and in fact it should facilitate the prosecution of the action on the merits.

Settle an order accordingly.