BRESWICK & CO. et al., Plaintiffs,

v.

O. Henry BRIGGS et al., Defendants.

United States District Court
S. D. New York.
Nov. 26, 1955.

See also 130 F.Supp. 953, 135 F. Supp. 397.

Rosston, Hort & Brussel, New York City, for plaintiffs.

Lord, Day & Lord, New York City, for O. Henry Briggs, Thomas J. Deegan, Jr., Walter W. Foskett, Henry J. Guild, Allan P. Kirby, Herman R. Neff, Robert R. Young and Alleghany Corp.

Satterlee, Warfield & Stephens, New York City, for Clint W. Murchison, Sid W. Richardson, John D. Murchison, Sid W. Murchison, Jr. and Murchison Bros.

McGOHEY, District Judge.

The defendants in this stockholders' derivative action move to require security in the sum of $160,000 for costs pursuant to 61–b of New York's General Corporation Law, McKinney's Consol. Laws, c. 23, and, until that sum or a bond is posted, to stay all proceedings, particularly the examination of the defendants Young, Kirby and Alleghany Corporation. These examinations were originally noticed to commence in May, 1955. They were stayed, however, pending determination by Judge Walsh of a series of motions by both parties made from time to time between May and late August. Under his order entered on Oct. 27 last, the stay was lifted and the depositions ordered to proceed.

The complaint contains seven counts. The first four, as the defendants concede, assert claims under the Investment Company Act of 1940.[1] The last three assert claims for alleged violation of common-law duties by fiduciaries and, as the complaint declares, are "founded on diversity of citizenship." Under the decision of the Court of Appeals for this Circuit in Fielding v. Allen[2] the motion for security, so far as it relates to the first four counts, must be denied. The defendants, while not in terms contending otherwise, seek in two ways to avoid that result.

In the first place, they observe (a) that "the Supreme Court * * * has never spoken on the question whether state security for costs statutes are applicable to federal causes of action"; (b) "the Court of Appeals for the Second Circuit has found that there is doubt on the point under the Supreme Court decisions"; (c) that "the order resulting from the present motion is appealable." It is true that the Court in Fielding thought the question not free from doubt. Nevertheless the decision was that the state statute did not apply, and the Supreme Court declined review. But neither these circumstances nor the Supreme Court's silence on the question since, makes the Fielding decision any less binding on this court. The possibility of appeal from the order to be entered on this motion is, at least, irrelevant.

In the second place, the defendants urge that, since the state security for costs statute applies to the last three counts, "until it is known whether plaintiffs are willing and able to meet the requirements of the security for costs statute, no examination should be allowed as to *any* of the causes of action * * *." This reaches the heart of the motion, for it is clear that the defendants want a stay of the examinations much more than they want security for their costs in defending the action. This is not said in criticism, but merely to point up the real issue here. The instant suit is but one of several similar ones pending here and in the New York Supreme Court against these defendants. They arise

---

1. 15 U.S.C.A. § 80a–1 et seq.

2. 2 Cir., 181 F.2d 163, certiorari denied Ogden Corp. v. Fielding, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600.

chiefly out of the activities of the individual defendants in their successful contest for control of the New York Central Railroad in 1954. Their chief argument, pressed with great earnestness, is that the proposed examinations are part of a harassment tactic in a campaign by these plaintiffs and others to oust the defendant Young and his associates from control of Alleghany; and that, as a result, the individual defendants are being prevented from carrying on their own and Alleghany's affairs. But Judge Walsh, as his opinion shows, heard these same charges of harassment. Nevertheless, he refused to consolidate this action with others already consolidated in this court, and he authorized the plaintiffs to proceed with the very examinations which are here sought to be stayed again. Judge Walsh, it is true, did not have before him the question of security for costs. But he did have other equally serious questions vigorously pressed by the defendants and he thought them insufficient to warrant further stay of the examinations. Accordingly, since security may not be required as to the first four counts, I can find no ground on which I should stay examinations as to the claims there alleged. To this the defendants reply that, in practice it will be impossible to avoid getting into matters pleaded in the last three counts. This indeed appears to be so as to counts five and six, at least, because the latter are substantially but reallegations of the acts set out in the first four counts. This circumstance, however, is surely no ground for staying examinations on counts one through four. Rather, it seems to be good ground for requiring only nominal security on counts five and six which will be done, since the facts relevant to all six counts are substantially identical.

■ Count seven, which makes no claims against the so-called "Murchison Group," repeats those allegations of the first count which assert that Alleghany was and is an investment company as de-

fined in the Investment Company Act, and then charges that "the defendants Young and Kirby have taken for their own personal or family account and profit, divers investments which it was their duty and obligation as investment managers of defendant Alleghany to take for the account" of the latter. The transactions underlying this charge differ from those alleged in counts one through six. Accordingly, the examination as to count seven would appear to entail inquiry into matters not relevant to the first six counts. It may be also that preparation of the defense to count seven will involve costs over and above those incurred in connection with counts one through six. I, of course, do not know and I find nothing in the affidavits now before me which would enable me rationally to estimate what such additional costs might be. Accordingly, counsel are directed to submit, on the settlement of the order to be entered hereon, some *brief* data on the total amount of security appropriate to the seventh count.

■ One further point remains to be considered. The plaintiffs urge that if proceedings as to count seven are stayed, this court "must give plaintiffs an opportunity to inspect the Alleghany stock list" since their good faith has been "found" by Judges Dimock and Walsh. Baker v. MacFadden Publications, decided by the New York Court of Appeals,[3] is cited as authority. It is not. Article 78 of New York's Civil Practice Act specifically authorizes issuance by its Supreme Court of orders in the nature of mandamus. Judge Dimock only recently in the related case of Rosen v. Alleghany[4] concluded, "reluctantly" as he said, that this court "lack[s] power to issue a direction in the nature of mandamus and that a direction that a corporation permit a stockholder to examine the stock list is such a direction." I agree but, while I share Judge Dimock's reluctance, I cannot arrogate the power

3. 300 N.Y. 325–330, 90 N.E.2d 876, 877.

4. D.C., 133 F.Supp. 858–864.

**304**

under the guise of imposing a condition on the allowance of security.

The motion is denied in so far as it relates to counts one through four; it is granted as to counts five and six but only to the extent of requiring security in a nominal amount to be fixed in the order; it is granted as to count seven in an amount to be fixed in the order. If counsel are unable to agree on these amounts the court will fix them. If further hearings on the amounts are required, the examinations as to the matters alleged in counts one through four will proceed in the meantime.

Settle order accordingly.