**Isabella J. SELMAN, Plaintiff,**

v.

**Theodore R. COLBORN, Dudley G. Layman, Albert A. List, Cleveland Arcade Company, Gera Corporation and RKO Theatres Corporation, Defendants.**

United States District Court
S. D. New York.
July 2, 1956.

Sidney L. Garwin, New York City, for plaintiff.

O'Brien, Driscoll & Raftery, New York City, for defendants List Industries Corp. (sued herein as RKO Theatres Corp.), Cleveland Arcade Co., Gera Corp., Arthur F. Driscoll, William F. Whitman and William D. Friedmann, New York City, of counsel.

LEVET, District Judge.

The defendants List Industries Corporation (sued herein as RKO Theatres Corporation), Cleveland Arcade Company and Gera Corporation, have moved this Court for an order requiring the plaintiff, in accordance with the provisions of Section 61–b of the General Corporation Law of the State of New York, McK.Consol. Laws, c. 23, to give security in the sum of not less than $100,000 for the reasonable expenses, including attorneys' fees, which may be incurred by the List Industries Corporation (sued herein as RKO Theatres Corporation) and by the other defendants in connection with the defense of this action; and for an order staying the proceedings in this action until plaintiff furnishes the said security.

This is a minority stockholders' action brought by plaintiff, who is the owner of 3,000 shares of the common stock of the defendant-corporation (List Industries Corporation, formerly known and sued herein as RKO Theatres Corporation). 4,210,842 shares of common stock are outstanding. The stock is said to be worth as of June 18, 1956, not more than $9⅛; hence, the market value of plaintiff's shares is not over $30,000, and consequently less than the required $50,000. Neither does plaintiff have the necessary 5% of the outstanding shares. Consequently, she is not able to avoid the requirements of Section 61–b of the General Corporation Law of the State of New York.

On May 7, 1956, the plaintiff began a similar action in the New York State Supreme Court, which action is now pending and undetermined; on May 18, 1956, plaintiff began another action in the Chancery Court of the State of Delaware, which action is still pending. Both seek the same relief. Pending in the New York State Supreme Court, County of New York, are two other derivative stockholders' actions brought by other stockholders of List Industries Corporation (sued herein as RKO Theatres Corporation). A motion to consolidate the three actions in the New York State Su-

preme Court may, it is indicated, be made. In the identical action begun by this plaintiff in the State Court, New York County, an order was made by Mr. Justice McGivern to require plaintiff to furnish security in the sum of $25,000.

The plaintiff seeks to have the order made herein for such security provide that the provision for such security is conditioned upon the defendant List Industries Corporation (sued herein as RK O Theatres Corporation) furnishing the plaintiff with access to its stock records for the purpose of permitting plaintiff to obtain the names of other stockholders in order to persuade them to join in this action and thus avoid the necessity for posting security. Further, plaintiff asks to have the order provide that the security need not be posted for a period of ninety days after plaintiff has been given such opportunity to inspect the stock records of List Industries Corporation (sued herein as RKO Theatres Corporation).

If a stockholders' derivative action is brought in one of the Federal Courts in the State of New York, based upon diversity of citizenship, the corporation is entitled to security under Section 61-b of the General Corporation Law of the State of New York. Cohen v. Beneficial Ind. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Fielding v. Allen, 2 Cir., 181 F.2d 163, 165; Breswick & Co. v. Briggs, D.C.S.D.N.Y.1955, 136 F. Supp. 301.

However, it has been determined by this Court that in a stockholders' derivative action, this Court has no power to issue a direction in the nature of a mandamus or condition that the defendant-corporation permit plaintiff to inspect the books or lists as a condition or prerequisite to require plaintiff to furnish security for costs. Rosen v. Allegheny Corporation, D.C.S.D.N.Y.1955, 133 F. Supp. 858.

Consequently, it is my opinion that the plaintiff should, within sixty days of the date of the order made herein, supply a bond in the amount of $50,000 as security for the reasonable expenses, including attorneys' fees, which may be incurred by List Industries Corporation (sued herein as RKO Theatres Corporation) and by the other defendants in connection with the defense of this action. The said order shall further provide that if within sixty days from the date thereof sufficient additional stockholders join as parties-plaintiff herein to meet the minimum requirements of Section 61-b of the General Corporation Law of the State of New York, then and in such event, the plaintiffs may move to vacate said order, see Weinstock v. Kallet, D.C.S.D.N.Y. 1951, 11 F.R.D. 270; Baker v. Macfadden Publications, 1950, 300 N.Y. 325, 90 N.E.2d 876. The said order shall also provide that all proceedings in this action shall be stayed during the intervening period unless the plaintiff (a) provides such security as above stated; or (b) secures the joinder of other plaintiffs as hereinabove provided.

Settle order on notice.