548

Maurice DALVA and Nathan Hausman, in Their Own Behalf as Stockholders of Defendant Pantepec Oil Company, C.A., and in Behalf of All Other Such Stockholders Similarly Situated, Plaintiffs,

v.

John S. BAILEY, John W. Buckley, Eduardo Lopez de Ceballos, Jose Melich Orsini, Santiago Segovia, John T. Sinclair, Jr., Guy K. Stewart, R. Ramirez U, Cecilio Velasco, G. J. van Wageningen, Phillips Petroleum Company and Pantepec Oil Company, C.A., Defendants.

United States District Court
S. D. New York.
July 9, 1957.

Murray W. Greif, Sonnenschein & Sherman, Block & Block, New York City, for plaintiffs.

Coudert Brothers, New York City, for defendants Pantepec Oil Co., C. A., and John W. Buckley, Mahlon B. Doing, Joseph A. McManus, New York City, of counsel.

LEVET, District Judge.

This is a motion by defendant Pantepec Oil Company, C. A., hereinafter called Pantepec, directing the plaintiffs to give security pursuant to Section 61–b of the New York General Corporation Law, McKinney's Consol.Laws, c. 23 by reason of expenses, including attorneys' fees, which may be incurred by Pantepec in connection with this suit. Plaintiffs own 11,000 shares of Pantepec stock, which is less than 4/100ths of 1% of the outstanding stock, having a market value of less than $4,000.

The complaint consists of three causes of action, which in substance are as follows:

1. The first cause of action is to set aside a certain agreement between the defendants Pantepec and Phillips Petroleum Company, hereinafter called Phillips, dated November 2, 1956, and to restore so far as possible the status quo ante between the parties.

In this cause of action, Paragraph 2 states:

"Plaintiffs bring this cause of action derivatively on behalf of and in the right of Pantepec."

Paragraph 11 reads:

"Upon information and belief, on November 2, 1956 Pantepec was caused by its directors and officers to enter into an agreement with Phillips dated that day, whereby Pantepec sold to Phillips all Pantepec's property mentioned in paragraph 8 hereof for $4,900,000, reserving to Pantepec only (a) an oil payment out of 10% of production, which is required to be applied against approximately $5,610,517 in production tax owing by Pantepec to the Government of Venezuela, and (b) royalties on part of the production from new wells which may be drilled by Phillips. Said cash consideration of $4,900,000 was made payable as follows:

"January 2, 1957 $1,400,000
"July 1, 1957 500,000
"January 2, 1958 2,000,000
"July 1, 1958 500,000
"July 1, 1959 500,000"

Paragraph 14 reads:

"Upon information and belief, the aforementioned transaction between Pantepec and Phillips was and is manifestly unfair and improvident as regards Pantepec for the following reasons:

"1. The consideration to Pantepec is grossly inadequate.

"2. The conveyance of its interest in the El Roble and Mulata Fields, the wells thereon and the related plant and equipment rendered Pantepec hopelessly insolvent in that (a) Pantepec's liabilities now greatly exceed its assets, and (b) Pante-

. ' pec is unable to meet its matured and maturing debts."

' After alleging that the transaction between Pantepec and Phillips was manifestly unfair and improvident as regards Pantepec, the complaint asserts that Article 280 of the Venezuelan Commercial Code, which is said to be applicable to the aforementioned agreement, required the attendance of stockholders constituting ¾ of the outstanding stock and a favorable vote of at least ½ of those in attendance and that Pantepec's by-laws did not dispense with these requirements. Other legal reasons for the alleged invalidity of the sale are also set forth. The plaintiffs assert that they have made no effort to secure action from the other stockholders of Pantepec for the reason that such efforts would be useless and futile. They further allege that they have not requested Pantepec or its directors to bring an action for the relief sought herein because the board consisted of the same persons who knew all the facts set forth in the complaint and that a request that Pantepec bring this suit to cancel and set aside the transaction would be obviously futile.

2. The second cause of action realleges all the paragraphs of the first cause of action and then lists the names of the individual defendants who were members of the board of directors of Pantepec and charges them in effect with malfeasance. The prayer for relief seeks an accounting by these individual defendants and the restoration of the losses and damage suffered by Pantepec by reason of their alleged misconduct in office and other alleged breaches of fiduciary duty. The plaintiffs concede that this cause of action is also derivative.

3. The third cause of action realleges Paragraphs 1 and 3 to 20 inclusive, and 24 to 28 inclusive, and asks as an alternative to the relief sought in the first cause of action that a receiver be appointed to have custody of the monies due and to become due to Pantepec. The prayer for relief with respect to this cause of action is worded as follows:

"* * * appointing a receiver to take custody of the entire interest of defendant Pantepec Oil Company, C. A. in said agreement."

■ The action is brought in the Federal Court because of alleged diversity of citizenship. Normally, therefore, in a derivative action in New York the corporate defendant is entitled to security under Section 61–b of the New York General Corporation Law. Cohen v. Beneficial Ind. Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Fielding v. Allen, 2 Cir., 1950, 181 F.2d 163, 165, certiorari denied Ogden Corp. v. Fielding, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600; Breswick & Co. v. Briggs, D.C.S.D.N.Y., 1955, 136 F.Supp. 301. Plaintiffs, however, argue that the first and second causes of action are not derivative.

■ In the opinion of this court, the first cause of action is derivative. Indeed, the plaintiffs expressly so characterize it in their complaint (Paragraph 1). The action is not based solely on alleged invalidity and procedural requirements under the Venezuelan statutes, but also upon the alleged improvidence of the directors and insolvency of Pantepec by reason of the sale.

In Gordon v. Elliman, 306 N.Y. 456, 119 N.E.2d 331, Judge Van Voorhis of the New York Court of Appeals stated:

"The test of whether an action to compel declaration of dividends is maintained in the interest of the corporation, is whether the object of the lawsuit is to recover upon a chose in action belonging directly to the stockholders, or whether it is to compel the performance of corporate acts which good faith requires the directors to take in order to perform a duty which they owe to the corporation, and through it, to its stockholders. * * *" 306 N.Y. at page 459, 119 N.E.2d at page 333. (Emphasis supplied.)

■ In Fielding v. Allen, 2 Cir., 1950, 181 F.2d 163, certiorari denied Ogden Corp. v. Fielding, 340 U.S. 817, 71 S.Ct.

46, an action to rescind a sale of corporate assets was held to be a derivative action (although security was denied because of a violation of a federal law was involved in that particular count). A stockholder's complaint to set aside a lease by a corporation has been held a right belonging to the corporation. Flynn v. Brooklyn City R. Co., 158 N.Y. 493, 508, 53 N.E. 520. Where the conduct complained of is waste and mismanagement of corporate assets, it is a wrong to the corporation which must be redressed by means of a suit by or on behalf of the corporation. Selman v. Allen, Sup., 121 N.Y.S.2d 142, 144. See also Smith v. Sperling, 77 S.Ct. 1112, 1119, decided June 10, 1957.

■ In plaintiffs' unsuccessful motion for the appointment of a receiver pendente lite, their attorney stated:

"The first count is asserted derivatively in behalf of Pantepec against Phillips."

It may also be noted that in the second count, which is against the officers and directors of Pantepec for $10,000,000 in damages, the charges against the directors involve by reference those of the first count, with these additional allegations:

"26. Upon information and belief, the individual defendants caused Pentepec to enter into and carry out said agreement with Phillips with reckless disregard for the interests of said corporation and its stockholders, knowing that the transaction would leave Pantepec stripped of its major assets without any adequate consideration therefor, and patently insolvent, for which reason they omitted and failed to give stockholders notice thereof and procure their consent thereto, as required by law.

"27. Upon information and belief, the individual defendants caused Pantepec to enter into and carry out said agreement with Phillips for no reason other than the personal and private advantage of them or of some of them, including, among other things, the obtaining of salaries, fees, compensations and other emoluments out of the cash monies received and receivable by Pantepec and from Phillips under said agreement. The individual defendants, the directors and officers of Pantepec, should be deemed to have forfeited all compensation and emoluments by reason of their grossly negligent, reckless and improvident management of Pantepec which has reduced it to a condition of hopeless insolvency; and the individual defendants should be required to restore to Pantepec all salaries and emoluments which they have thus caused to be paid to themselves."

■■ By reason of the foregoing, therefore, it is my opinion that Schreiber v. Butte Copper & Zinc Co., D.C.S.D. N.Y., 1951, 98 F.Supp. 106, is not apposite. As already stated, the plaintiffs concede that the second cause of action is derivative. In my opinion, the third cause of action, which is in effect based upon the first and second causes of action, is likewise derivative. It seeks the appointment of a receiver for the entire corporation. Obviously, this is for the benefit of the corporation. See Gordon v. Elliman, 306 N.Y. 456, 119 N.E.2d 331. Mismanagement and waste of corporate assets involve a derivative action in which the courts have granted security for costs. See Christie v. Fifth Madison Corporation, Sup., 124 N.Y.S.2d 492. The nature of the wrong alleged is controlling and not the pleader's assertion of his intention. The fact that the plaintiffs have failed to allege that the third cause of action is derivative is not determinative. See Selman v. Allen, Sup., 121 N.Y.S.2d 142.

There remains to be determined the amount of the security for costs. Counsel for Pantepec have already successfully resisted an application for the appointment of a receiver pendente lite. It is asserted that the jurisdiction of the court over Pantepec may be resisted.

There is no indication that other stockholders are at all interested in this action. In fact, Paragraph 21 of the complaint indicates to the contrary. The plaintiffs, however, desire more time in order to procure a joinder of sufficient additional shareholders to meet the minimum requirements of Section 61–b of the New York General Corporation Law. They also state that a stockholders' list will have to be obtained in another jurisdiction, presumably Venezuela. Nevertheless, they concede that the shares outstanding with the public are not strictly stock of Pantepec but "Certificates for American Shares Representing Deposited Bearer Shares of Pantepec," and that "If Pantepec chooses to be obstructive, considerable time and litigation could ensue before plaintiffs are able to obtain a stockholders' list." Plaintiffs ask to be given six months within which to secure the list unless Pantepec stipulates forthwith to furnish it, in which case they would not seek additional time beyond the customary sixty day period.

Obviously, the determination of this motion for security does not affect the rights of the parties with respect to the assessment of expenses herein or their payment. This will be decided after the determination of this action and presumably by the trial court.

The plaintiffs are required within sixty days of the date of the order to be entered herein to supply a bond in the amount of $50,000 as security for the reasonable expenses, including attorneys' fees, which may be incurred by the defendant Pantepec in connection with the defense of this action. The said order shall further provide that if within sixty days from the date thereof sufficient additional stockholders join as parties-plaintiff herein to meet the minimum requirements of Section 61–b of the New York General Corporation Law, then and in such event, the plaintiffs may move to vacate said order, see Weinstock v. Kallet, D.C.S.D.N.Y., 1951, 11 F.R.D. 270; Baker v. MacFadden Publications, 1950, 300 N.Y. 325, 90 N.E.2d 876. The said order shall also provide that all proceedings in this action shall be stayed during the intervening period unless the plaintiffs (a) provide such security as above stated; or (b) secure the joinder of other plaintiffs as hereinabove provided. The time of defendants Pantepec and Phillips in which to move with respect to the complaint herein is to be extended to the twentieth day following the expiration of such stay of proceedings.

Settle order on notice.