Leo M. HIMMELBLAU, Plaintiff,

v.

W. A. HAIST, Jr., et al., Intervenors,
Harold Roth et al., Defendants.

United States District Court
S. D. New York.
June 9, 1961.

Kaufman, Taylor & Kimmel, New York City, for plaintiff and intervenors. Eisman, Lee, Corn, Sheftel & Bloch, New York City, co-counsel. Irwin M. Taylor, Shephard S. Miller, New York City, of counsel.

Grossman & Grossman, New York City, for defendant Hyman Marcus.

METZNER, District Judge.

This motion by Hyman Marcus, one of the individual defendants, is brought pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint for lack of jurisdiction.

The original complaint, in the nature of a derivative stockholders' suit, was instituted by Himmelblau against a number of defendants. Jurisdiction was based upon diversity. Subsequently, upon motion by the defendants, plaintiff was directed to post security in the amount of $50,000 pursuant to the requirements of Section 61–b of the New York General Corporation Law, McKinney's Consol.Laws, c. 23. In lieu of posting a bond a motion was made by another stockholder for leave to intervene, and in conjunction therewith plaintiff moved to serve an amended complaint. Both applications were granted, and the stay of proceedings ordered on the motion for security was vacated. That very day the attorneys for the plaintiff and the defendants agreed to allow the intervention of 89 additional stockholders and to add three additional defendants, including the moving party on this motion. In accordance with this stipulation a supplemental summons and amended complaint was served.

Defendant Marcus contends on this motion that since he is a resident of the State of New York, and some of the intervening plaintiffs are residents of the State of New York, the complaint must be dismissed insofar as he is concerned because of the lack of diversity of citizenship. He cites no authority for this proposition.

Permitting intervention in order to comply with the provisions of Section 61–b is accepted practice. Weinstock v. Kallet, D.C.S.D.N.Y.1951, 11 F.R.D. 270.

This is a class action, the purpose of which is to allow the enforcement of a right without the burden of expense and geography in joining all members of the class. The difficulty is recognized of naming all members because they are too numerous to bring into court. A class action must therefore encompass the possibility of no diversity on the part of some members of the class who could intervene. This type of action has existed in the English chancery practice long before the adoption of our judicial system. Supreme Tribe of Ben-Hur v. Cauble, 1921, 255 U.S. 356, 366, 41 S.Ct. 338, 65 L.Ed. 673.

Class actions present a special rule in applying the requirement of diversity of citizenship upon which to predicate jurisdiction of this court. It has uniformly been held in this type of case that the court will look to the status of the parties at the time of the commencement of the lawsuit. If the requirement of diversity is satisfied at that time, the subsequent addition of parties cannot serve to oust the court of jurisdiction. Stewart v. Dunham, 1885, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329; Supreme Tribe of Ben-Hur v. Cauble, supra; Acken v. New York Title & Mortgage Co., D.C.N.D.N.Y.1934, 9 F.Supp. 521, 536; Weinstock v. Kallet, supra.

Marcus argues that his joinder as a party defendant at this time is improper because residents of New York are present as intervening plaintiffs.

As indicated above, if Marcus had been an original party defendant, he would have no basis for complaint. I can see no reason why a different rule should obtain in this class action because he was added as a party after the intervention. The court will still look to the original parties to see if jurisdiction exists. The character of the suit is still the same, and

the presence or absence of residents of New York as intervening plaintiffs can make no difference. They were free to intervene or not without affecting the basic question of jurisdiction.

Motion denied. So ordered.