Hugh S. Coyle, J.
This is an application for an order requiring the plaintiff to furnish to the defendant, R. C. Williams & Company, Inc., security in the amount of $75,000 for the reasonable expenses, including attorneys’ fees, which have been and may be incurred by said defendant in connection with the above-entitled action, pursuant to the provisions of section 61-b of the General Corporation Law of the State of New York; and further providing that, pending the filing of such security, all further proceedings in this action on the part of the plaintiff be stayed; and also providing that, in the event the plaintiff shall fail within 15 days after the service upon his attorney of a copy of an order granting the relief requested above, with notice of entry thereof, to file security in accordance with the provisions of such order, a further order may be entered, upon affidavit showing such failure and two days’ notice to plaintiff, dismissing the above-entitled action, with costs.
This is an action instituted by one stockholder of defendant, R. C. Williams & Company, Inc., allegedly on behalf of Williams seeking to recover in excess of $1,600,000 from defendants Shafstor, Inc. and Shaffer Stores Company on the grounds that since 1957 the common officers and directors of defendants, Williams, Shafstor, Inc., and Shaffer Stores Company, have conspired to act and have acted in the best interests of Shafstor, Inc., and Shaffer Stores Company in disregard of the interests of defendant, R. C. Williams & Company, Inc., and its stockholders.
Plaintiff has moved this court by cross motion for an order permitting plaintiff to inspect and copy the stockholder list of R. C. Williams & Company, Inc., for the express purpose of soliciting sufficient fellow stockholders to intervene in the action so that the combined holdings of all plaintiffs has a market value of $50,000 or represents 5% of any class of stock, thus eliminating the necessity for posting security pursuant to section 61-b of the General Corporation Law, which section reads as follows: “ § 61-b Security for expenses. In any action instituted or *660 maintained in the right of any foreign or domestic corporation by the holder or holders of less than five per centum of the outstanding shares of any class of such corporation’s stock or voting trust certificates, unless the shares or voting trust certificates held by such holder or holders have a market value in excess of fifty thousand dollars, the corporation in whose right such action is brought shall be entitled at any stage of the proceedings before final judgment to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney’s fees, which may be incurred by it in connection with such action and by the other parties defendant in connection therewith for which it may become subject pursuant to section sixty-four of this chapter, to which the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action. The amount of such security may thereafter from time to time be increased or decreased in the discretion of the court having jurisdiction of such action upon showing that the security provided has or may become inadequate or is excessive ”.
It is undisputed that the holdings of plaintiff in the defendant Williams corporation are 1/20,000 of 1% of the outstanding common stock and less than 1/2,500 of 1% of the outstanding-preferred stock. The value of plaintiff’s 13 shares of common stock as of March 19, 1962 was approximately $365, and his 22 shares of preferred stock on the same date was approximately $465, making a combined total value of preferred and common stock held by plaintiff on March 19, 1962, the time the action was instituted of approximately $840. At the time the action was commenced there were issued and outstanding, 305,157 shares of common stock of R. C. Williams & Company and 55,423 shares of preferred stock.
Plaintiff has vigorously opposed defendant’s application pursuant to section 61-b on the ground that Williams is a nominal defendant on whose behalf this action is brought; that no relief is sought against Williams, and that Williams will only benefit in the event of any recovery, therefore Williams ’ role is passive or neutral. Its proper duty is simply to submit the corporation’s rights to the court’s protection and then step aside and allow the active parties — plaintiff on behalf of the public stockholders and the real defendants as the controlling insiders — to litigate this lawsuit. In other words the burden of defendants’ litigative activities will rest on the real defendants and Williams’ activities will be nominal. This is based upon the fact that the officers and directors are the same individuals for all defendants in this *661 action. Plaintiff further contends that all defendants have retained the same attorney. Therefore, whatever activities these directors, officers and attorneys may engage in during the course of this litigation will be done, not on behalf of Williams, but in an effort to absolve the real defendants from liability.
The courts have held, when faced with the question of security, pursuant to section 61-b, for a nominal corporate defendant, that such defendants cannot have significant expenses and therefore are entitled to only nominal security. (Leven v. Birrell, 92 F. Supp. 436; Apfel v. Auditore, 223 App. Div. 457, affd. 250 N. Y. 600; Neuwirth v. Mann-Loeser’s, 161 F. Supp. 828.)
Defendant B. C. Williams & Company, Inc. has urged this court that based upon the amount of work involved in connection with the preparation of Williams ’ case, judging same from the allegations in the complaint, it is entitled to a substantial security as provided under section 61-b of the General Corporation Law. That the scope and complexity of issues involved in this complaint are apparent from its face. The plaintiff, to name a few items in the complaint, seeks to recover in excess of $1,600,000; the time covered by the complaint extends over a period in excess of four years; charges a conspiracy in which the corporate officers and directors are said to have engaged; involves all corporate loans with lending institutions and the amount and terms thereof (the scope of the loans are evidenced by the fact that interest payments equalled $291,244.09 in one fiscal year). In addition, it is the contention of defendant Williams, in the face of this action, that it will not and cannot take a passive interest. Under the circumstances, a proper or adequate participation in the case will involve the expenditure of funds for accounting services and the doing of very substantial amount of accounting work.
Unless security is deposited pursuant to and under the statute defendant may not impose upon plaintiff or collect from him any amount or allowance above minimum regular court costs. (Isensee v. Long Is. Motion Picture Co., 184 Misc. 625; Shielcrawt v. Moffett, 294 N. Y. 180.)
Plaintiff makes much of the fact that the action is not against the directors and/or officers of Williams, thus no security need be given. The fact that directors are not named as parties or that relief is not sought against them in this action does not dispense with the requirement that security be deposited. (Gordon v. Elliman, 306 N. Y. 467; Schreiber v. Butte Copper & Zinc Co., 98 F. Supp. 106; Altman v. Autocar Co., 133 N. Y. S. 2d 535.)
*662 Upon a.review of the voluminous papers submitted hereon, this court is of the opinion that plaintiff .should be required to furnish security in the amount of. $35,000........
In. regard to plaintiff’s cross motion to inspect and copy the stockholder list of It. C. Williams & Company, Inc. in order to be relieved from the provisions of section 61-b, it is interesting to note that upon the passage of the legislation in question, the Governor’s memorandum addressed to section 61-b states in part as follows: “ Even if the stockholder owns only a tiny percentage or only $5. worth of stock, it still should be simple to bring an action without putting up security. If his action has any merit at all, it should be easy enough to interest others who do hold at least 5 percent, or stock valued at $50,000.” (Public Papers of Gov. Thomas E. Dewey, 1944, pp. 255-256.)
Plaintiff’s cross motion will be granted. The defendant, E. C. Williams & Company, Inc., is directed to supply plaintiff with a copy of the list of its stockholders at plaintiff’s expense within 15 days after service of a copy of the order to be entered hereon together with notice of entry. The security shall be filed within 60 days after the receipt by the plaintiff of the stockholders’ list, with leave to the plaintiff to move to vacate the order requiring such security if within that time additional stockholders join in sufficient number to meet the requirements of section 61-b of the General Corporation Law. Plaintiff shall be stayed from all further proceedings in this action pending the filing of the security above mentioned. This shall not preclude him from proceeding with respect to the list of stockholders, nor from taking an appeal from this decision, should he be so advised.
In the event plaintiff shall fail within 60 days after receipt of the list of stockholders to file security in accordance with the provisions of the order to be entered hereon, or move to vacate the order upon the ground that he has the required additional stockholders to meet the requirements of section 61-b, a further order may be entered, upon affidavit showing such failure, upon two days ’ notice to plaintiff, dismissing the above-entitled action, with costs, and directing the Clerk of this court to enter judgment accordingly.