Charles A. Loreto, J.
Motion for security and other relief under section 61-b of the General Corporation Law.
This is a stockholders’ [in Bestwall Gypsum Company] derivative action, wherein an order was first made by this court pursuant to that section, fixing security for costs at $35,000. Later, on the intervention of other plaintiffs showing that the combined stockholdings of all plaintiffs had a market value in excess of $50,000, the earlier court order was vacated.
Thereafter, defendants’ motion for summary judgment, denied by Special Term, was reversed by the Appellate Division (15 A D 2d 425). On that reversal, final judgment has been entered in favor of the defendants. Plaintiffs have duly filed an appeal therefrom to the Court of Appeals, and have posted security for the costs of appeal to said court.
Defendants Bestwall Gypsum Company and A. J. Hettinger, Jr., now assert, and it is not denied, that plaintiffs have disposed of some of their stockholdings in defendant corporation, and that their combined stockholdings therein have a present market value well below $50,000. Therefore, defendants seek an order *434 requiring plaintiffs to furnish security as required by section 61-b of the General Corporation Law and in the event that they fail to do so, that they be stayed from taking further proceedings in the action.
Plaintiffs contend that once the matter of security in this type of suit has been fixed, it was not intended by the Legislature that plaintiffs be required to furnish additional security because of market fluctuations; that the determination in regard thereto made as of the institution of the action or the time of the application for security is the full measure of the requirement to satisfy the statute. Moreover, plaintiffs contend that Special Term has no power to stay an appeal pending in the Court of Appeals, which plaintiffs urge is the only proceeding which can be affected by this application.
There is no question that at no time since the institution of this suit have the combined stockholdings of plaintiffs equalled 5% of the total outstanding common stock of defendant corporation. Nor is it disputed that since the making of the second order by Special Term with regard to security at the time of the intervention of additional plaintiffs, that the complaint has been dismissed and judgment entered in favor of the defendants (as to which appeal has been taken to the Court of Appeals) and that there has been a substantial reduction in the plaintiffs’ stock-holdings in defendant corporation and a diminution in their market value. Because of these changes in circumstances affecting the litigation and security, defendants appeal to Special Term for the relief sought.
Plaintiffs further argue that the requirement of section 61-b is one intended to ensure that plaintiffs’ suit is one instituted in good faith and that once they have satisfied the statutory requirement, they should not later be forced to post additional security because the market value of their shareholdings in the defendant corporation has fluctuated downward or that they have sold some of their shares, citing and quoting from Sorin v. Shahmoon Ind. (30 Misc 2d 429, 438) “ There is no indication that the Legislature intended that the right to security should depend upon the vagaries of the stock market.”
With this quoted statement we are in accord, where the plaintiffs held at the institution of suit at least 5% of any class of the corporate stock and continue to hold at least that quantum of stock throughout the suit or hold stock in the corporation of a market value in excess of $50,000 at the time of institution of suit and continue to hold the same stock throughout the suit even though it may later have lesser market value or if it had a market *435 value in excess of $50,000, then to hold so much of the stock that has at least such value.
Here, plaintiffs’ combined stock neither at the time the order for security was vacated nor at any time since then equalled 5% of the outstanding stock, although combined their stock had a market value in excess of $50,000.
But the additional and critical factor present here is plaintiffs disposition of some part of their holdings reducing their total or combined holdings to less than $50,000 of defendant corporation’s outstanding common stock. It would be too direct and simple an act, surely unintended by the Legislature, defeating the purpose of the statute, to permit the plaintiffs disposition of some of their holdings in the corporation so as to reduce their market value to less or much less than $50,000 during the course of the litigation. If this were countenanced with approval by the court, the requirements of section 61-b would be easily circumvented and defeated.
While it may be inferred that the Legislature intended that stockholders’ derivative suits be brought in good faith, the Governor’s message supported the legislative bill enacted, stating ‘ ‘ It simply requires that the plaintiff represent a certain measure of interest in the corporation or that he put up security for the costs and expenses, which will be incurred if his case is determined to be unfounded ”, clearly demonstrates that security also was intended to be required.
Therefore, section 61-b of the General Corporation Law provides: ££ the corporation in whose right such action is brought shall be entitled at any stage of the proceedings before final judgment to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney’s fees, which may be incurred by it in connection with such action and by the other parties defendant in connection therewith for which it may become subject ”.
And the last sentence of that section of the act reads: ‘£ The amount of such security may thereafter from time to time be increased or decreased in the discretion of the court having jurisdiction of such action upon showing that the security provided has or may become inadequate or is excessive.”
The right and power of Special Term to review the amount of security at any time during the pendency of the action is directly conferred by the statute.
Moreover, Matter of Baker v. Macfadden Pubs. (300 N. Y. 325, 329, 330) affirms that, as ££ a long-recognized rule of practice ”: “ The Hew York Supreme Court, so long as an action is pend *436 ing before it, has power, for sufficient cause, to modify or vacate an order made in the course of the action [citing cases]. Section 61-b was not .intended to declare an exception to that general rule.”
There has been sufficient showing to require a modification of the prior order of this court regarding security.
There remains one additional point to consider. That is the request for a stay of all proceedings unless security is posted as may be required. Section 167 of the Civil Practice Act governs. It reads (italics added): “ § 167. Stay generally. Except as otherwise provided the court in which an action or proceeding is pending, or a judge of such court, in a proper case may grant a stay of proceedings upon such terms as to notice, security or otherwise, as may be just.”
Since the appeal is now properly pending in the Court of Appeals, this court lacks the power and may not assume it to itself, to stay that appeal.
The motion is therefore granted [$45,000 security is required], except as herein indicated. [See 12 N Y 2d 710, decided Oct. 4, 1962, staying proceedings in the Court of Appeals until this order of Special Term is complied with.]