**Samuel NEUWIRTH, Plaintiff,**

v.

**Herbert L. MERIN, William J. Kreizel, Elihu H. Modlin and Emenee Corporation, Defendants.**

**No. 67 Civ. 639.**

United States District Court
S. D. New York.

April 21, 1967.

Bennett Frankel, New York City, for plaintiff.

Spear & Hill, New York City, for defendants, Elihu H. Modlin, William T. Reynolds and Martin R. Fine, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

This stockholders' derivative action is brought by a New Jersey resident on behalf of a New York corporation against its directors. Of the defendant-corporation's outstanding 545,926 shares, plaintiff beneficially owns 100 shares having a total market value of about $375.

Presently before the Court are two motions. Defendants move for an order requiring plaintiff to give security for expenses and costs pursuant to New York Business Corporation Law, McKinney's Consol.Laws, c. 4, § 627. Plaintiff cross-moves for an order directing the corporate defendant to produce its shareholders' list for his inspection and copying. Defendants' motion is granted and plaintiff's cross-motion is denied for the reasons set forth in this opinion.

The cross-motion is made "under [F.R. Civ.P.] Rule 34 to require the corporate defendant to produce a stockholders' list for inspection, copying or photographing." (Plaintiff's moving affidavit, p. 1; plaintiff's memorandum of law, pp. 2–3.) Confronted by the requirements of New York Business Corporation Law, § 627, plaintiff would like to try to persuade other stockholders to join him in the present lawsuit inasmuch as plaintiff would not be required to give security if he and other stockholders joining him hold stock having a fair value in excess of $50,000 or constituting five per cent of any class of the outstanding shares of the corporation. It is plaintiff's position that he is entitled to utilize Rule 34 as the means of obtaining the stockholders' list in order to enable him to solicit other shareholders to join him as parties plaintiff, and thereby possibly obtain the additional amount of stock that would obviate the necessity of giving security. Plaintiff asserts that he has no practical way of communicating with his fellow stockholders unless he is provided with a stockholders' list.

When defendants move to have plaintiff post security under New York Business Corporation Law, § 627 in stockholders' derivative actions in the New York State courts, the plaintiff can generally obtain, upon his cross-motion, an order for the production of the stockholders' list. Auerbach v. Shafstor, Inc., 34 Misc.2d 658, 229 N.Y.S.2d 927 (Sup. Ct.1962), aff'd, 19 A.D.2d 531, 240 N.Y.S. 2d 146 (2d Dept.1963), appeal dismissed, 13 N.Y.2d 891, 243 N.Y.S.2d 673, 193 N.E.2d 501 (1963). This Court is now urged by plaintiff to adopt the New York State procedure. This cannot be done.

In a stockholders' derivative action brought in this Court on the basis of di-

versity jurisdiction, the Court does not possess the power to issue an order in the nature of a mandatory injunction, directing the corporation to produce its stockholders' list for the inspection and copying of the plaintiff. Rosen v. Alleghany Corporation, 133 F.Supp. 858 (S.D.N.Y. 1955); Breswick & Co. v. Briggs, 136 F. Supp. 301 (S.D.N.Y.1955); Selman v. Colborn, 143 F.Supp. 112 (S.D.N.Y. 1956); Newark Morning Ledger Co. v. Republican Company, 188 F.Supp. 813 (D.Mass.1960); Stern v. South Chester Tube Company, 252 F.Supp. 329 (E.D. Pa.1966).

In *Rosen,* supra, a diversity case, the plaintiffs-stockholders moved for an order directing the defendant-corporation to permit one of the plaintiffs to inspect and make extracts from the corporation's stockholders' list. The ostensible purpose of the requested inspection was to assist the plaintiffs-stockholders' committee and the individual plaintiffs in the distribution to the other stockholders of the committee's proxy material and to assist in bringing about the intervention of other stockholders in a certain action against the corporation. The Court found that plaintiffs were "acting in good faith" (133 F.Supp. at 864).

Treating the motion as one "for a mandatory injunction * * * not in aid of jurisdiction already acquired but * * * [as] an independent subject of relief," Judge Dimock concluded "[w]ith great regret" that "the United States District Courts lack power to issue a direction in the nature of mandamus and that a direction that a corporation permit a stockholder to examine the stock list is such a direction." (At 864–865.)

In *Breswick,* supra, the Court expressed its reluctance in having to deny a plaintiff-stockholder's motion for an order permitting him to examine the corporate stockholders' list in a stockholders' derivative action. Defendants moved to require security for costs under the New York General Corporation Law, McKinney's Consol.Laws, c. 23, § 61–b (now Business Corporation Law, § 627). Some

of the claims in the multi-count complaint presented exclusively federal questions under the Investment Company Act of 1940, § 1 et seq., 15 U.S.C.A. § 80a–1 et seq., while one claim (count seven) was based upon violations of common law duties.

As to the count based on violations of common law duties, the Court held that it lacked the power to issue a direction in the nature of mandamus and that a direction that a corporation permit a stockholder to examine its stock list constituted such an impermissible direction. Judge McGohey, following *Rosen,* supra, said that he would not arrogate that power "under the guise of imposing a condition on the allowance of security" (136 F.Supp. at 303–304).

*Selman,* supra, followed the rule expressed in *Breswick* and *Rosen.* Judge Levet said (143 F.Supp. at 113):

"However, it has been determined by this Court that in a stockholders' derivative action, this Court has no power to issue a direction in the nature of a mandamus or condition that the defendant-corporation permit plaintiff to inspect the books or lists as a condition or prerequisite to require plaintiff to furnish security for costs. Rosen v. Alleghany Corporation, D.C. S.D.N.Y.1955, 133 F.Supp. 858."

In *Newark Morning Ledger Co.,* supra, and *Stern,* supra, diversity actions were instituted by plaintiffs-stockholders solely to compel the corporate defendant to permit them to examine its stockholders' list. In both cases, the complaint was dismissed on the ground that federal courts have no general original power to issue a writ of mandamus or an order in the nature of mandamus in cases where that is the only relief sought.

The leading commentator on corporation law, Hornstein, Corporation Law and Practice § 722, pp. 225–26 (1959), notes that some courts,

"unenthusiastic about this security requirement, have evolved a 'conditional' order for security, giving the complainant time to invite others to join.

The practice is to grant an order for security with leave to complainant to vacate it within 60 days upon a showing of joinder by other shareholders holding the specified minimum amount of stock. *Simultaneously the court grants a cross-motion by complainant for an inspection of the stock list to make possible complainant's communication with other shareholders and an invitation to them to join in the suit.*" [Emphasis supplied]

In view of the decisions discussed in this opinion, the above-quoted statement concerning the granting of a cross-motion for an inspection of the stockholders' list undoubtedly refers only to state practice. This is borne out by Professor Hornstein's comment on *Newark Morning Ledger Co.* as follows (supra, 1966 Pocket Part, p. 62, § 611, n. 16):

"This type of examination or inspection—'in aid of jurisdiction acquired on other grounds'—is the only one available in the federal courts. They cannot entertain a diversity action for mandamus (at law or in equity) where this procedural remedy is the *only* relief sought, even though it would be available in state courts where the federal court is sitting."

■ This lack of power has been criticized as "an outworn technicality," Marshall v. Crotty, 185 F.2d 622, 627 (1st Cir. 1950), and as "an unrealistic anomaly," Stern v. South Chester Tube Company, 252 F.Supp. 329, 332 (E.D. Pa.1966). To this Court it also seems unfair to subject plaintiff to the burden of the New York law requiring security and, at the same time, depriving him of the benefit of the New York law granting him the stockholders' list as a means of avoiding that burden. But the law on this point has been so well-settled for so long that, if any change is to be effected, it must be accomplished by congressional enactment, not judicial legislation.

The problem may not concern "the operation of statutes, especially those relating to practice" and "defects of procedure" within the precise terminology of Canons of Judicial Ethics, No. 23, Judiciary Law Appendix, McKinney's Consol.Laws, c. 30. Nevertheless, in view of the expressed reluctance with which federal district judges have denied motions to inspect stockholders' lists and the explicit criticism aimed at the lack of power to grant such motions, this Court believes it appropriate to express the opinion that corrective legislation should be enacted.

Plaintiff cites Cherner v. Transitron Electronic Corporation, 201 F.Supp. 934 (D.Mass.1962) as support for the proposition that the granting of his motion for a stock list under F.R.Civ.P. 34 is "a matter of discretion." However, there is no significant resemblance between *Cherner* and the present case. *Cherner* was not a stockholders' derivative action brought in the federal court on diversity jurisdiction. *Cherner* was an action brought by stockholders under the Securities Act of 1933 against the corporation, certain individuals and a brokerage firm. Two of the counts of the complaint were brought on behalf of the plaintiffs and two other counts of the complaint were spurious class actions. Among the motions before the court was one by plaintiffs for the production of documents under F.R.Civ.P. 34, requiring the corporation to produce and to permit plaintiffs to inspect or copy a list of all persons holding any shares of the corporation as of the time of the motion or as of anytime after a specified date. Joined with the foregoing prayer for relief was a request by plaintiffs for an order directing or authorizing notice to members of the suing class under F.R.Civ.P. 23.

Judge Wyzanski held that "this Court, as a matter of discretion, denies plaintiffs' motion 'for production of documents under Rule 34 and for order directing or authorizing notice to members of class under Rule 23.'" (At 935.) In setting forth the reasons "for the Court's exercise of its discretion," Judge Wyzanski adverted to the fact that this was a spurious class action; that the plain-

tiffs did not have a duty to act as unsolicited champions of others; and that, at the present stage of the controversy, "Rule 23 should not be used 'as a device to enable client solicitation.' Bain and Blank, Inc. v. Warren Connelly Company, So.D.N.Y., 19 F.R.D. 108, 111." (At 936.)

It is evident that *Cherner* did not confront the point now at issue.

 Moreover, assuming arguendo that this Court possessed a discretionary power, the exercise of that supposititious discretion contrary to the "continued and consistent course of decision" in this and other districts would clearly amount to a reversible error. Cf. Noonan v. Cunard Steamship Co., Ltd., 375 F.2d 69 (2d Cir. 1967).

The stockholders' list sought to be inspected and copied by the plaintiff does not "constitute or contain evidence relating to * * * matters" within the legitimate purview of F.R.Civ.P. 34 or any other pretrial discovery and inspection procedure; nor has the plaintiff shown "good cause" within the meaning of Rule 34. But see Hornstein, supra, § 611, pp. 125–126; 1966 Pocket Part, p. 63, § 611, n. 19.

Consequently, whether viewed realistically as a motion for an order in the nature of mandamus or nominally as a motion for pretrial discovery and inspection under F.R.Civ.P. 34, plaintiff's cross-motion must be, and hereby is, denied in all respects.

The Court grants defendants' motion for an order requiring plaintiff to give security for the reasonable expenses, including attorney's fees, which may be incurred by the moving defendant Emenee Corporation in connection with this action and by the other parties-defendants in connection therewith for which the moving defendant may become liable, as more particularly set forth in defendants' notice of motion.

Under New York Business Corporation Law, § 627 and in view of the factual circumstances of this case concerning the extent of plaintiff's hold-ings of the moving defendant's shares, plaintiff must give security. A careful evaluation of the record presently before the Court leads to the conclusion that reasonable security at this time would be in the amount of $10,000. The Court hereby fixes security in that amount.

As expressly provided in Section 627, the amount of said security may hereafter from time to time be increased or decreased in the discretion of the Court "upon showing that the security provided has or may become inadequate or excessive."

The Court hereby grants the relief as prayed for in defendants' notice of motion, including a stay of all other proceedings on the part of plaintiff except to review or vacate the order entered herein until plaintiff's compliance therewith. So ordered. Settle order on notice.